509 A.2d 405

Adison ACIE, John Hankins, Richard Bachmann, Bernard Curran, Frank Sari, Dennis Sandusky, Gary Herring, Thomas Jagger, Julius Kalkbrenner, James Calvin, Joseph Linz, Robert Zaval, James Rollinson, Lester Gorman, Joseph Gerber, Kent Spresser, Andrea Hallas, Kathleen Ryan, Bonnie Ferchak, Frank Oshinsky, Donald Schilacci, John Busato, Alvin Knox, Kenneth Busato, Michael Bateman, James Benson, Robert Leyland, Jay Hankins, Michael Toth, Peter Kiselich, Patrick Santone, John Houseman, Raymond Mamrak, Donald Kolenc, Cecil Allen, Amil Furar, Edward Raymond, Sherman Wood, Peter Penick, Fred Pryor, Ronald Olschon, Joe Stefanko, Paul Grott, Charles Zaken, Kenneth Polando, Luigi Filotei, Sylvester Ferenz, George Shivak, Leonard Backstrom, George Anderson, John Rymarowicz, Sabatino Neri, Jack Lindsey, Patrick McGhen, Paul Doenges, John Stefl, Joseph Andreoli, Al White, John Houseman, Gerald Nicholson, Nicholas Mitchell, Amil Furar, Sherman Woods, James Beere, Russell Backstrom, Jack Farlow, Albert Justick, William Walmsley, Henry Bateman, Edward Zukow, Mike Sidun, Walt Sroka, Joe Busato, Stanley Minkus, Clarence Bray, Ronald Novich, William Spoonhoward, John Wood, Frank Toth, Peter Liposchok, Nicholas Yackovich, Gerald McCann, Martin Flesik, Phillip Mikolay, Fred King, Joseph Hughes, Appellants,

v.

Herman BRAUNSTEIN and Stahl Gear Company, Appellees.

Superior Court of Pennsylvania.

Argued Feb. 19, 1986.

Filed May 21, 1986.

200

Peter B. Skeel, Pittsburgh, for appellants.

David F. Luvara, Pittsburgh, for appellees.

Before BROSKY, OLSZEWSKI and POPOVICH,* JJ.

OLSZEWSKI, Judge:

This matter comes before us on appeal from an order of the lower court sustaining appellees' preliminary objections. On August 31, 1984, appellants filed a cause of action against appellees for breach of an oral agreement and/or tortious deceit. It is alleged that appellee Braunstein agreed to purchase the assets of McKeesport Steel Castings Company, in his own right or as an agent of appellee Stahl Gear Company, pursuant to Chapter 11 of the United States

* Popovich, J., recused himself following argument.

Bankruptcy Code. Appellants, former employees of McKeesport, allege that as part of the purchase order, appellees agreed to pay appellants' wages from the accounts receivable generated by their labor. The sale was consummated on August 31, 1984, following the bankruptcy court's approval of appellee's purchase offer. Because Braunstein later refused to honor this obligation, appellants commenced an action alleging breach of an oral contract and tortious deceit, which formed the basis of this appeal. In response to a motion by appellee Braunstein, the lower court, Judge Farino presiding, dismissed the action claiming lack of subject matter jurisdiction. This Court also struck the complaint against appellee Stahl due to appellants' failure of service of process on this party and deferred jurisdiction to the United States Bankruptcy Court for the Western District of Pennsylvania. Consequently, appellants now claim that although the proposed causes of action may be incidentally related to the bankruptcy proceedings, the lower court nevertheless should have decided these issues since they have "unlimited jurisdiction" under 42 Pa.C.S.A. Sec. 931(a). We disagree.

It is well settled that in enacting the statute giving federal district courts original, but not exclusive, jurisdiction to hear all civil proceedings arising under Title 11 of the Bankruptcy Act, Congress intended to grant broad jurisdiction to district courts to hear all litigation having any significant connection with the pending bankruptcy even if state law questions were involved. *Ram Construction Company, Inc. v. Port Authority of Allegheny County,* 49 B.R. 363 (D.C.Pa.1985). *See* 28 U.S.C. Sec. 1334(b) (1984).[1] It is significant that, for purposes of federal court

---

1. 28 U.S.C.A. Sec. 1334 provides:

    **Bankruptcy cases and proceedings**

    (a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.

    (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil

jurisdiction, the definition of a proceeding as "related to" a bankruptcy matter depends upon "the character of the claims asserted and the relationship of those claims to the bankruptcy proceeding, rather than with the status of the parties as debtors or creditors." (Citations omitted.) *Bobroff v. Continental Bank*, 43 B.R. 746, 751, *aff'd.*, 766 F.2d 797 (3rd Cir.1985).

After carefully reviewing appellants' original complaint filed in the Court of Common Pleas of Allegheny County, we note that as part of the bankruptcy court proceedings, that court considered "appellees' willingness to pay appellants' wages from the accounts receivable generated by their labor" in approving appellees' offer to purchase. (Count I, paragraph 10, p.2.) Since this agreement apparently affected the administration of the estate, we feel that the resolution of this matter properly belongs in the United States Bankruptcy Court for the Western District of Pennsylvania.

Order affirmed.

proceedings arising under title 11, or arising in or related to cases under title 11.

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

(d) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of the estate.