In re B.W. DEVELOPMENT
COMPANY, INC., Debtor.

B.W. DEVELOPMENT COMPANY,
INC., Plaintiff,

v.

JOHN B. PIKE & SON, INC.,
Defendant.

Bankruptcy No. 3–84–01750.
Adv. No. 3–84–0095(B).

United States Bankruptcy Court,
W.D. Kentucky.

April 10, 1985.

**130**

Laurence J. Zielke, Pedley, Ross, Zielke & Gordinier, Louisville, Ky.; and Wallace H. Spalding, III, Louisville, Ky., for debtor.

David T. Stosberg and John A. Majors, Morgan & Pottinger, Louisville, Ky., for John B. Pike & Son, Inc.

## MEMORANDUM–ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This matter is before the Court on Motion to Dismiss by the defendant, John B. Pike & Son, Inc. ("Pike"), on the basis that this Court lacks personal jurisdiction over Pike and that venue is improper. The plaintiff, B.W. Development Company, Inc. ("B.W."), asserts that the District Court and the Bankruptcy Court have jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Section 1334 and Section 157.

B.W. filed its Chapter 11 petition for relief on August 21, 1984. B.W. listed in its petition a contract dated December 17, 1982 with John B. Pike & Son, Inc. and a contract dated December 17, 1982 with Irvin H. Whitehouse & Sons Company ("Whitehouse"). B.W. assumed the contract with Pike and assumed its subcontract with Whitehouse on August 21, 1984. As alleged by B.W., on September 12, 1984, Pike removed B.W.'s and/or its subcontractor's equipment and labor from the jobsite. On September 14, 1984, B.W. filed this adversary proceeding against Pike, alleging breach of contract, reformation of contract, declaratory judgment and rescission of contract. The contract which is the subject of the adversary proceeding is expressed in two documents. The first document is the Subcontract Agreement dated December 17, 1982 between Pike and B.W. The second document is a Settlement dated July 27, 1984 between Pike and B.W. which was incorporated into the Subcontract Agreement.

Pike was not listed as a creditor on the August 21, 1984 petition, but was added by amendment to schedules after the filing of this adversary proceeding.

The rule of law is that this Court must construe the Complaint in a light most favorable to B.W. and accept its factual allegations as true. 5 Wright & Miller, *Federal Practice and Procedure:* Civil Sec. 1357 (1969 and 1983 Supp.) at 594–98. Furthermore, the motion to dismiss is viewed with disfavor and is rarely granted. *Westlake v. Lucas,* 537 F.2d 857 (6th Cir.1976). Keeping those principles in mind, the Court now turns to the jurisdictional issue.

The Bankruptcy Amendments and Federal Judgeship Act of 1984, amended 28 U.S.C. Section 1334 to read as follows:

(a) Except as provided in subsection (b) of this section the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or relating to cases under title 11.

Additionally, 28 U.S.C. § 1334(d) as amended by the Act states as follows:

(d) the district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of the estate.

The Act further provides that these matters shall be referred to the bankruptcy judges. 28 U.S.C. § 157(a). Furthermore, 28 U.S.C. § 157(b)(1) provides that the bankruptcy judge has referred jurisdiction from the district court to determine all cases under title 11 and all core proceedings thereunder or arising in a case under title 11. Additionally, the bankruptcy court has jurisdiction over a noncore matter if it is otherwise related to a case under title 11. 28 U.S.C. § 157(c)(1).

■ The Court finds it unnecessary at this point to determine if this adversary proceeding is a core or noncore proceeding. The only issue before the Court is whether it has jurisdiction to hear the adversary proceeding. The Court finds that it does have jurisdiction pursuant to 28 U.S.C. § 1334(d). Pike is a creditor of the debtor's estate. The contract on which the claim is based in the adversary proceeding is property of the estate. Even though Pike was listed as a creditor by amendment, the amendment relates back to the date of the filing of the petition, making this contract property of the debtor as of the commencement of the case. *See,* 3 *Collier on Bankruptcy,* para. 521.07, p. 521–28 (15th Ed., 1980); *In re Beerman,* 112 Fed. 663 (N.D.Ga.1901).

There is some dispute about whether this contract is property of the debtor, Pike claiming that B.W. assigned its contract with Pike to Whitehouse. The language of the "assignment" from B.W. to Whitehouse, however, indicates that the assignment was given as security in receivables with respect to work performed under B.W.'s Subcontract with Pike. The Subcontract between B.W. and Whitehouse dated December 17, 1982, reads in part as follows:

B.W. secures its promise to pay Whitehouse for the Cost of Work and Fees by the *assignment of a security interest* in all receivables in respect to the Work. B.W. promises to pay Whitehouse the cost of Work to Whitehouse and promises to pay the fee herein agreed upon to Whitehouse. (Emphasis added).

■ We are convinced that this was only an assignment in an account receivable for security; there was no assignment of B.W.'s duty of performance under its contract with Pike. As such, the assignment for security did not divest B.W. of all interest in these receivables. B.W. retained the interest any debtor retains in property it gives as security for a debt. In re *Hurrican Elkhorn Coal Corp. II,* 19 B.R. 609 (Bkrtcy., W.D.Ky.1982). Therefore, we find that this contract is property of the estate over which we have jurisdiction.

■ Pike contends that due process requires that *in personam* jurisdiction of this court is limited by the minimum contacts doctrine of *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and that there are not sufficient minimum contacts by Pike with the State of Kentucky to exercise jurisdiction over it. However, Pike is in error in applying the minimum contacts doctrine to the exercise of jurisdiction by this Court. The minimum contacts doctrine of *International Shoe* and its progeny has no relevance to this issue. Jurisdiction in a bankruptcy adversary proceeding is conferred by federal bankruptcy law, and Congress has provided for nationwide service of pro-

cess. *See, 1 Collier on Bankruptcy*, para. 3.01[1][d], p. 3–36 (15th Ed. 1980); *Matter of Whippany Paper Board Co., Inc.*, 4 C.B.C.2d 370, 15 B.R. 312 (Bkrtcy.D.N.J. 1981); *In re Coby Glass Products Co., et al.*, 7 C.B.C.2d 247, 22 B.R. 961 (Bkrtcy., D.R.I.1982); *In re G. Weeks Securities, Inc.*, 2 C.B.C.2d 544, 5 B.R. 220 (Bkrtcy., W.D.Tenn.1980).

Pike misperceives the scope and purpose of the minimum contacts doctrine. That doctrine involves the *extraterritorial* assertion of personal jurisdiction by a *state* court. The bankruptcy court may exercise jurisdiction over a defendant although the defendant has no minimum contacts with the state in which the bankruptcy court is located since it is the United States, and not the state, which exercises its jurisdiction over the defendant. Bankruptcy Rule 7004(d) permits nation-wide service of process.

While this Court has found it does have jurisdiction, this is a case which may be proper for mandatory abstention under 28 U.S.C. § 1334(c). Therefore, the defendant's Motion to Dismiss be, and it hereby is, denied. The defendant is hereby given twenty (20) days to file an Answer or to file any motions before the United States District Court relative to abstention or for transfer for change of venue.

The above constitutes Findings of Fact and Conclusions of Law pursuant to Rules of Bankruptcy Procedure 7052.

This is a final Order and there is no just cause for delay.