**RAM CONSTRUCTION COMPANY, INC., Plaintiff,**

v.

**PORT AUTHORITY OF ALLEGHENY COUNTY and Fruin-Colnon, Inc., Defendants.**

Civ. A. No. 85–369.

United States District Court, W.D. Pennsylvania.

May 14, 1985.

Anthony P. Picadio, Pittsburgh, Pa., for plaintiff.

John M. Medved, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for Port Authority.

John W. Eichleay, Jr., Thorp, Reed and Armstrong, Pittsburgh, Pa., for Fruin-Colnon, Inc.

## OPINION

WEBER, District Judge.

This adversary proceeding was initiated in the Bankruptcy Court (No. 83–0135; Adversary No. 85–5) after plaintiff, Ram Construction, Inc. (RAM) filed for relief under Chapter 11 of the United States Bankruptcy Code.

The factual background indicates that RAM was the excavation subcontractor on the Sixth Avenue subway construction project undertaken by the Port Authority of Allegheny County (PAT). Defendant Fruin-Colnon, Inc. (FRU–CON) was the general contractor on the project. RAM alleges that its work on the project was completed by early November 1983 and that it was owed an amount in excess of $1,300,000. Since that time RAM has received payment of approximately $20,000. The balance due is $1,013,261.22. RAM additionally claims it is owed approximately $70,000 for retainage originally withheld by PAT, some of which has been released to FRU–CON, but which has not been paid to RAM. FRU–CON has answered the complaint, while PAT has filed the following motions:

(1) Motion to withdraw reference to Bankruptcy Court;

(2) Motion to dismiss for lack of subject matter jurisdiction;

(3) Motion to abstain from exercising jurisdiction;

(4) Motion to dismiss for failure to state a claim;

(5) Motion to strike portions of the complaint; and

(6) Motion for more definite statement.

In response to these motions the Bankruptcy Judge Joseph Cosetti entered an order indicating the Bankruptcy Court's

willingness to hear the motion for withdrawal of reference to make recommendations, but at the same time deferring to the District Court for direction. The Bankruptcy Court Order further indicates that certain issues raised in the motions to dismiss and for other relief should properly be made by the Bankruptcy Court, but states that the Bankruptcy Court defers to the District Court in order to avoid creating inconsistencies. Subsequently the case has been transferred to the District Court and PAT has renewed its motions, which have been fully briefed by the parties. It is these motions which we now address.

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

This motion is the first to be addressed since, if granted, it would be dispositive of all pending motions before the court.

PAT argues that the jurisdictional grant in § 1334(b) does not include civil actions arising in cases under Title 11 which are based solely on state law, and over which the federal district court would otherwise have no authority. Alternatively, if the court finds that these actions are included, PAT argues that § 1334(b) must be declared unconstitutional in violation of Article III, Section 2 of the United States Constitution. We disagree with both of these arguments for the following reasons.

It is undisputed that Congress has the authority under Article I of the United States Constitution to establish a uniform Bankruptcy Law as a matter of federal law, which it has done. Congress also has broad powers under the "necessary and proper" clause to do what is necessary to execute this authority, including a grant of jurisdiction to bankruptcy courts as adjuncts to district courts to hear bankruptcy cases. There is a strong federal interest in the uniform and expeditious disposition of bankruptcy matters, and we have no doubt that Congress has authority to enact a legislative scheme which would accomplish this objective.

By enacting 28 U.S.C. § 1334(b), Congress established in federal district courts original, but not exclusive, jurisdiction to hear "all civil proceedings arising under Title 11" of the Bankruptcy Act. *Id.* This is the same jurisdiction which was previously granted to the district courts under 28 U.S.C. § 1471(b), but under § 1471(c) Congress *required* that the jurisdiction be *exercised* by the bankruptcy courts. There is no doubt that Congress intended § 1471(b) to grant broad jurisdiction to hear all litigation having any significant connection with the pending bankruptcy even if state law questions were involved. *See, In re Turner,* 724 F.2d 338, 340–41 (2d Cir.1983). The use of language tracking this earlier provision shows Congress' intent to include such a broad grant of jurisdiction under § 1334(b). *Accord In re Environmental Research and Development, Inc.,* 46 B.R. 774 (D.C.S.D.N.Y.1985).

PAT argues that the present statute § 1334(b) would therefore have the same constitutional infirmities that the Supreme Court found in § 1471(b). *See Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). We do not agree. The constitutional dilemma presented by the earlier provision was raised not by § 1471(b), which conferred broad jurisdiction on the district courts, but by § 1471(c) which required that this jurisdiction be exercised only by Article I bankruptcy judges. In effect, § 1471(c) conferred Article III judicial power in Article I judges. *Northern Pipeline,* 458 U.S. at 83–87, 102 S.Ct. at 2877–2880. Article III, Section 2, of the United States Constitution provides for a judiciary which has certain protections, such as life tenure of judges, which are designed specifically to maintain the separation of powers between the Executive, Legislative and Judicial branches of government. When Congress required that Article I judges, who lack Article III protections, adjudicate state-created rights, it violated Article III, Section 2. For this reason, § 1471 was declared unconstitutional. *Id.*

In enacting § 1334(b), Congress was sensitive to separation of powers considera-

tions and addressed these concerns by granting jurisdiction over *all* matters relating to a bankruptcy case to the district court and by authorizing the referral of all such matters to the bankruptcy judges. 28 U.S.C. § 157(a). However, with respect to *Marathon*-type controversies involving state-created rights, the bankruptcy judge submits only proposed findings of fact and conclusions of law to the Article III district courts which then make the final decision after their own *de novo* review. 28 U.S.C. § 157(c). Since the final decision in such a case is rendered by an Article III judge the *Marathon* problem is avoided.

 PAT argues that this grant of jurisdiction over state-created rights by Article III federal courts is nonetheless unconstitutional because it does not "arise under" the Constitution or the Laws of the United States, as required by Article III, Section 2.[1] *See, Osborn v. Bank of the United States*, 9 Wheat 738, 6 L.Ed. 204 (1824). We disagree. Jurisdiction under this provision has been broadly conceived. *See Verlinden V.V. v. Central Bank of Nigeria*, 461 U.S. 480, 103 S.Ct. 1962, 76 L.Ed.2d 81 (1983). Congress has rightfully conferred on the federal district courts the jurisdiction of Bankruptcy cases which arise under the laws of the United States. State-related claims of the debtor-in-possession under Chapter 11 are sufficiently related to the central purposes of the federal bankruptcy law to call for comprehensive treatment and to justify the exercise of a pendent-type jurisdiction. *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957) (dissent by Justice Frankfurter); *see also, In re Environmental Research, supra; In re Bo-*

broff, 43 B.R. 746, 751 n. 10 (E.D.Pa.1984) (relying on *Lincoln Mills*); *Northern Pipeline*, 458 U.S. at 72, n. 26, 102 S.Ct. at 2872, n. 26 (Brennan: suit could be heard in federal court on the basis of its relationship to the petition for reorganization). The contract claim of the debtor-in-possession here involves a property interest of the estate in bankruptcy. 11 U.S.C. § 541(a)(7). It is not purely personal post-petition claim of an individual such as that involved in *In re Bobroff, supra.* Substantial federal issues are involved regarding the efficient administration of bankruptcy cases in an effort "to augment or recover assets of the bankrupt's estate ..." *In re Environmental Research and Development, Inc., supra,* at 778.[2] Despite the fact that this holding does not strictly conform to the "common nucleus of operative fact" requirement in *Gibbs* which test has been commonly used by courts to define the "case" referred to in Article III of the Constitution, *Owen Equipment and Erection Company v. Kroger*, 437 U.S. 365, 370, 98 S.Ct. 2396, 2400, 57 L.Ed.2d 274 (1978); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), there is here a logical relationship between the pendent claim and the bankruptcy adjudication, a substantial federal interest as discussed earlier in having *all* claims of the bankrupt's estate resolved in conjunction with the bankruptcy proceedings, and specific Congressional intent that jurisdiction over all claims be exercised, such that state-related claims may properly be considered part of the bankruptcy "case" which arises under federal law.

The motion to dismiss for lack of subject matter jurisdiction will therefore be denied.

---

1. The parties here are not diverse, and the action does not fall into any other type of case or controversy listed in Article III, Section 2.

2. PAT argues that important federal policies will be undermined by a finding of federal jurisdiction over state claims in a bankruptcy context: 1) it would lead to the creation of federal common law; 2) it would lead to forum-shopping by plaintiffs, and 3) it would crowd federal dockets. We do not see how this would differ from district courts applying state law in diversity cases or in pendent claims and therefore find no substance to the argument that exercise of jurisdiction would lead to a federal common law. Forum-shopping by plaintiffs would be of no greater problem than in diversity cases and perhaps less so. Further it is not clear that overcrowding of federal dockets would result since the bankruptcy courts would be able to schedule the resolution of state law claims in accord with the needs of particular Title 11 proceedings.

## MOTION TO ABSTAIN FROM EXERCISING JURISDICTION

Section 1334(c)(1) of Title 28 U.S.C. *permits* the district court to abstain from exercising jurisdiction over a proceeding such as the one we have before us, which arises in a Title 11 proceeding "in the interest of justice, or in the interest of comity with State courts or respect for State law ...". Section 1334(c)(2) *requires* abstention in a proceeding based on a state law cause of action arising in a case under Title 11 which "... could not have been commenced in a court of the United States absent jurisdiction under this section ... if an action is commenced and can be adjudicated, in a state forum of appropriate jurisdiction ...".

 We do not believe that § 1334(c)(2) applies since PAT does not allege that an action has been commenced in state court and we do not find that the mere existence of an arbitration clause is sufficient to invoke § 1334(c)(2). Furthermore, subsection (c)(2) is not applicable with respect to this case since it was pending on July 10, 1984. *See* § 122(b) of the 1984 Amendments, Pub.L. 98–353; *In the Matter of Baldwin-United Corp.,* 48 B.R. 49 (Bkrtcy.S.D.Ohio 1985).

■ We do not believe that this case presents the kind of issues that would warrant this court's abstention. Plaintiff's complaint poses no unsettled question of state law, and raises no issue of comity. *In the Matter of Baldwin-United Corp., supra; Crawley v. Hamilton County Commissioners,* 744 F.2d 28 (6th Cir.1984). Furthermore as stated earlier, the collection of a debtor's assets is an essential part of the expeditious administration and disposition of a bankruptcy estate. Thus we see no reason to abstain from exercising jurisdiction over these proceedings and this motion will be denied.

## MOTION TO WITHDRAW REFERENCE TO BANKRUPTCY COURT

■ Under 28 U.S.C. § 157(d), "the district court *may* withdraw, in whole or in part, any case referred ... for cause shown." (emphasis supplied)

PAT argues that this case should be withdrawn because it involves a constitutional question of first impression involving this court's jurisdiction and because resolution of the action requires "interpretation of state law entirely outside of the Bankruptcy court's expertise." (PAT's Brief at 3).

We have earlier addressed the constitutional questions raised, and since Bankruptcy Courts routinely decide matters involving state law in deciding applicable state law defenses, we do not believe that PAT has shown cause for their motion to withdraw. It will therefore be denied. Additional pending motions will be referred to Bankruptcy Court for disposition.

An appropriate order will issue.