In re ELLWOOD CITY IRON & WIRE COMPANY, Debtor.

ELLWOOD CITY IRON & WIRE COMPANY, Plaintiff,

v.

FLAKT, INC., ENVIRONMENTAL SYSTEMS DIVISION, Defendant.

Civ. A. No. 85–589.

United States District Court, W.D. Pennsylvania.

July 31, 1985.

John P. Edgar, Dennis R. McEwen, Berkman, Rushlander, Pohl, Lieber & Engel, Pittsburgh, Pa., for plaintiff.

George L. Cass, Buchanan & Ingersoll, P.C., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION and ORDER

SIMMONS, District Judge.

On February 4, 1985, Plaintiff Ellwood City Iron & Wire Company ("ECIW") filed a voluntary petition for the reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania. On February 7, 1985, ECIW filed a complaint in the Bankruptcy Court against Defendant Flakt, Inc., Environmental Systems Division ("Flakt") seeking recovery of $361,-967.97 allegedly due ECIW as a result of Flakt's failure to pay for work performed by ECIW under two separate contracts.

Flakt responded to ECIW's Complaint by filing a Motion to Withdraw Reference and a Motion to Dismiss in the Bankruptcy Court. ECIW subsequently filed a Motion to Stay this Court's decision on the Defendant's Motions.

Subsection (a) of 28 U.S.C. § 157 empowers each District Court to refer "all proceedings arising under Title 11 or arising in or related to a case under Title 11" to the bankruptcy judges. Subsection (b)(1) empowers the bankruptcy judges to "hear and determine all cases under Title 11 and all core proceedings arising under Title 11, or arising in a case under Title 11", referred under subsection (a).

Subsection (b)(2) of 28 U.S.C. § 157 defines "core proceedings" to include fifteen specific types of proceedings which have been traditionally decided by bankruptcy judges or referees, such as administrative matters, allowance or disallowance of claims against the estate, plan confirmations, preference and fraudulent conveyance avoidance proceedings and orders to turn over property of the estate. Subsection (b)(3) provides that the bankruptcy judge *shall* determine "whether a proceeding is a core proceeding under this subsec-

tion or is a proceeding that is otherwise related to a case under Title 11". The significance of this determination is that a bankruptcy judge *may* "hear and determine" a "core proceeding arising under Title 11 or arising in a case under Title 11" but may only "hear a proceeding that is not a core proceeding but that is otherwise related to a case under Title 11" and "submit proposed findings of fact and conclusions of law to the District Court" which alone has the power to enter "any final order or judgment", after a *de novo* review of those matters to which any party has timely and specifically objected. 28 U.S.C. § 157(c)(1).

Since the powers of the bankruptcy judge are determined by the nature of the proceeding, it is obvious the bankruptcy judge should be empowered to make a determination of whether or not a proceeding is a core proceeding. Subsection (b)(3) of 28 U.S.C. § 157 grants this authority to the bankruptcy judge.

This case is therefore remanded to the Bankruptcy Court to make an initial determination as to whether said Bankruptcy Court should address said matter on the merits as a core proceeding in the normal course of its Bankruptcy Court jurisdiction; and/or in the alternative determine whether said Bankruptcy Court should preliminarily hear the above-captioned matter and then submit to this District Court proposed findings of fact and conclusions of law for this District Court's *de novo* consideration and review; and/or in the alternative said Bankruptcy Court may determine whether it will abstain from any and all consideration of this matter and refer this case to this Court for its further consideration.

It would be unseemly for this Court to usurp and exercise discretion in a matter that had been statutorily entrusted to the bankruptcy judge.

Accordingly, the Defendant's Motion to Withdraw Reference is denied. The Defendant's Motion to Dismiss is denied. The Plaintiff's Motion to Stay this Court's decision on Defendant's Motions is denied.