**In re ELLWOOD CITY IRON & WIRE COMPANY, Debtor.**

**ELLWOOD CITY IRON & WIRE COMPANY, Plaintiff,**

v.

**FLAKT, INC., ENVIRONMENTAL SYSTEMS DIVISION, Defendant.**

Bankruptcy No. 85–0231.

Adv. No. 85–0076.

United States Bankruptcy Court,
W.D. Pennsylvania.

Feb. 12, 1986.

John P. Edgar, Gary J. Gaertner, Berkman, Ruslander, Pohl, Lieber & Engle, Pittsburgh, Pa., for debtor/plaintiff.

George L. Cass, Buchanan Ingersoll, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

Presently before this Court is the Defendant's Renewed Motion to Dismiss this case as being brought in an inappropriate forum pursuant to a forum selection clause. This matter is before this Court on direction from the District Court. This Court is required to determine if this action constitutes a core proceeding under 28 U.S.C. § 157. This Court finds that: (1) this action is a core proceeding, and therefore, (2) this Court is the appropriate forum for litigation of this matter, irrespective of the forum selection clause.

## FACTS OF THE CASE

Flakt, Inc. ("Flakt") is a Delaware corporation with its principal office in Nashville, Tennessee. Ellwood City Iron and Wire ("ECIW") is a Pennsylvania corporation with its principal office in Ellwood City, Pennsylvania. In its capacity as the general contractor on a project at the Aliquippa,

Pennsylvania works of the LTV Steel Corporation, Flakt contracted with ECIW to provide fabricated products for this job. The contract was commenced in March of 1984 and has been completed. A dispute has arisen concerning the manner in which ECIW's services were provided. Flakt has withheld a substantial amount of the payment on the contract because of this dispute.

ECIW filed for bankruptcy relief in the Western District of Pennsylvania on February 4, 1985. Subsequently, on February 7, 1985, ECIW filed an adversary proceeding against Flakt to collect its accounts receivable owed under the contracts with Flakt. Flakt also filed suit against ECIW in the District Court for the Eastern District of Tennessee on February 14, 1985, alleging breach of contract. Upon becoming aware of the pending bankruptcy, Flakt's action was stayed.

Flakt then brought a motion to dismiss this action and a motion to withdraw reference in the District Court for the Western District of Pennsylvania, citing the forum selection clause in its subcontract with ECIW. The District Judge denied these motions without prejudice, and returned the matter to this Court for a determination of the nature of the case as a "core" or "related" proceeding pursuant to 28 U.S.C. § 157.

## ANALYSIS

Flakt directs the Court's attention to two very important decisions relating to forum selection clauses. Each, however, is distinguishable from the present case. We look first to the Supreme Court's holding in *The Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In that case, the Chief Justice speaking for the Court said, "... in light of present day commercial realities and expanding international trade we conclude that the forum selection clause should control absent a strong showing that it should be set aside." *Id.* at 15, 92 S.Ct. at 1916. The factual analysis behind the above reasoning is im-

portant. In *Bremen*, the Court was clearly convinced that the forum selection clause was a bargained-for part of the contract. While no specific negotiations on the forum selection clause itself occurred, the Court recited that "this was not simply a form contract with boilerplate language that Zapata had no power to alter ... Zapata did make alterations to the contract submitted by Unterweser." *Id.* at 12–13, n. 14, 92 S.Ct. at 1914, n. 14 (quoting Judge Wisdom of the Fifth Circuit Court of Appeals).

In the case at bar, it is clear that Flakt's subcontracting agreement included a fifteen page statement of general conditions, which was, by Flakt's own admission, part of every subcontract agreement made and was clearly a "form" contract and not bargained about. Flakt's forum selection clause appears on page fifteen of this document, and required no acknowledgment such as signing or initialing and dating. In *The Bremen, supra,* the Supreme Court noted that, "The forum selection clause could hardly be ignored. It is the final sentence of the agreement, immediately preceding the date and the parties signatures...." *Id.*

In *The Bremen, supra,* the Supreme Court found that Unterweser's contracts generally required exclusive German jurisdiction and application of German law. The contract with Zapata, calling for an English forum was an attempt "to meet Zapata halfway...." *Id.* at 14, n. 15, 92 S.Ct. at 1915, n. 15.

In the case at bar, it is clear that the clause was purposely worded with enough flexibility to allow the forum and choice of law to vary depending upon the location of the issuing office and the work site. This is additional proof of the "form" nature of this contract, and the lack of any bargaining by ECIW concerning this clause.

Flakt has also directed our attention to *Coastal Steel Corporation v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190 (3d Cir.); *cert. den'd.*, 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983). Flakt contends that

this case stands for the proposition that a forum selection clause is valid in a bankruptcy setting. This inference is too broad. The case at bar is factually and procedurally dissimilar from *Coastal.*

In *Coastal, supra,* the Debtor raised a damage action. Coastal alleged that material defects existed in the completed product. The recovery available was contingent upon a determination at trial. The requested relief was above and beyond the amounts owed under the contract.

In the case at bar, ECIW filed an adversary complaint requesting the retainage it is owed under its completed contracts with Flakt. This account receivable is noncontingent and fixed as to amount. Flakt does not dispute that the amount is owed. Flakt attempts by way of suit alleging a breach of contract claim to effectively offset this account owed and perhaps to file a claim for greater than the setoff amount.

Furthermore, the *Coastal* case was decided under the Emergency Rule in effect following the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Since the decision in *Coastal* was rendered, the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA") has been promulgated and is presently the law binding upon this Court. Pursuant to BAFJA, Flakt's suit against ECIW constitutes a claim against the estate, or at the very least, a counterclaim on ECIW's adversary complaint. A disputed claim is unquestionably a core matter, 28 U.S.C. § 157(b)(2)(B). A counterclaim is also a core matter, 28 U.S.C. § 157(b)(2)(C). Flakt's claim is a core proceeding, and must be heard in the Bankruptcy Court after the claim of Flakt is heard. It can be deducted from the amount owed to the Debtor. The Debtor's action is not contingent, unless Flakt establishes its claim. See *In re Duo Metal & Iron Works, Inc.,* 45 B.R. 139, 144 (Bktcy. E.D.Pa.1984).

An appropriate Order will issue.