**In re F/S AIRLEASE II, INC., A Delaware Corporation, Debtor.**

**F/S AIRLEASE II, INC., A Delaware Corporation, Plaintiff,**

v.

**AEROTHRUST CORPORATION, Defendant.**

Bankruptcy No. 84–1628.
Adv. No. 86–0215.

United States Bankruptcy Court,
W.D. Pennsylvania.

Dec. 1, 1986.

Michael A. Snyder, Buchanan Ingersoll, P.C., Pittsburgh, Pa., for F/S Airlease II, Inc.

David B. Salzman, Campbell & Levine, Pittsburgh, Pa., for Aerothrust Corp.

Vernon F. L. Char, Honolulu, Hawaii, for Aloha Airlines, Inc.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Presently before the Court is Defendant's *Motion To Dismiss Plaintiff's Com-*

*plaint;* said Complaint requests the following relief: (1) turnover of property; (2) a declaration that Defendant's lien is invalid; (3) punitive damages; and (4) an injunction against the violation of the automatic stay. Defendant moves to dismiss for lack of personal jurisdiction, lack of venue, and failure to state a claim upon which relief can be granted.

Based upon the pleadings and briefs submitted, the subsequent oral arguments, and this Court's own extensive research, we find that we have both personal and subject matter jurisdiction in this case. However, we further find that while venue is proper in this Court, it would be more appropriate for this action to be heard by the Bankruptcy Court for the Southern District of Florida, and therefore, this proceeding will be transferred to that forum. Having so determined, we refrain from making any determination on the Motion to Dismiss for failure to state a claim, or, the Plaintiff's request for injunctive relief, and leave those decisions to the appropriate tribunal.

In order to support our analysis of these procedural questions, we offer a brief summary of the facts.

## FACTS

Plaintiff is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. On August 29, 1980, Plaintiff, as Lessee, entered into an Agreement with the trustees of Swig Investment Company Trust No. 1 ("Swig"), as Owner/Lessor, for the use of certain aircraft and parts, including Engine 880, the subject of this adversary proceeding.

Thereafter, Plaintiff leased said aircraft and two engines, one being Engine 880, to Air Florida, Inc. ("Air Florida"), a Florida corporation with its principal place of business in the state of Florida. Subsequently, on November 19, 1982, Air Florida leased Engine 880 to the Defendant, a Florida corporation with its principal place of business in Miami, Florida. The Defendant then leased this engine to another undisclosed airline, which used it until approximately June 24, 1983. Two (2) days later, the engine was returned to Defendant in non-airworthy condition. Defendant, upon instructions from Air Florida, disassembled Engine 880, to determine the cause of its condition. Upon finding that several parts had worn out, Air Florida directed the Defendant to use those parts in good and serviceable condition to repair another Air Florida engine. The remaining unused parts of Engine 880 are in the Defendant's possession, as Defendant claims a lien on said parts under Florida state law.

On July 3, 1984, Air Florida filed for bankruptcy under Chapter 11 of the Code in the Bankruptcy Court for the Southern District of Florida. One (1) month later, Plaintiff filed its Chapter 11 petition in the Bankruptcy Court for the Western District of Pennsylvania. In September of 1984, Plaintiff filed an action in Air Florida's bankruptcy case, to recover the aircraft and two replacement engines. Defendant had notice of said action, but did not attend the hearing thereon. By Order of November 30, 1984, the Bankruptcy Court for the Southern District of Florida awarded Plaintiff Engine 880, not the two replacement engines requested. Also, on November 30, 1984, this Court entered an Order approving a lease between Plaintiff and Aloha Airways, Inc. ("Aloha"), a Hawaiian corporation with its principal place of business in Honolulu, Hawaii. Said lease included the aircraft and two engines, one being Engine 880.

On April 3, 1986, Plaintiff brought this action to void Defendant's lien on Engine 880, to obtain said engine reassembled, and to obtain punitive damages against Defendant for retaining said engine. Upon Defendant's post-trial motion to the Bankruptcy Court for the Southern District of Florida, that Court's Order of November 30, 1984, was vacated to the extent that the Order determined the rights to Engine 880, as between Plaintiff and Defendant.

## IN PERSONAM JURISDICTION

Defendant asserts that this Court lacks personal jurisdiction over it due to its lack

of minimum contacts with Pennsylvania. This Court has just recently spoken to this issue in *Allegheny, Inc. v. Laniado Wholesale Company (In re Allegheny, Inc.)*, 68 B.R. 183 (Bankr.W.D.Pa. 1986), where we stated:

> [M]inimum contacts involves *extraterritorial* assertion of personal jurisdiction by a state court. Minimum contacts with a particular state in a federal question case are only necessary when the state's service of process statute must be borrowed pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. Bankruptcy Rule 7004 provides for nationwide service of process, thereby removing the necessity of borrowing Pennsylvania's statute. The "contacts" therefore, must be in connection with the United States as a whole, not with the forum state ...

*Id.* (citations omitted).

■ This adversary proceeding is ancillary to a federal bankruptcy case, and this Court has personal jurisdiction in bankruptcy cases over any person who has minimum contacts with the United States. Therefore, this Court has ancillary personal jurisdiction over the Defendant in this adversary proceeding.

## SUBJECT MATTER JURISDICTION

■ Defendant has not raised this Court's subject matter jurisdiction. However, pursuant to the Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA), and specifically Title 28 U.S.C. § 157(b)(3), this Court may, upon its own motion, determine if the action in question constitutes a "core" or "related" proceeding. Plaintiff's Complaint seeks redress in several forms:

1) a determination of the validity of Defendant's lien;

2) turnover to the estate of Engine 880; and

3) an injunction against Defendant's alleged violation of the automatic stay.

■ Determination of core status is achieved by a reading of Title 28 U.S.C. § 157(b)(2). The three counts of Plaintiff's Complaint listed above are particularly provided for in subsections (E), (G), and (K) of § 157(b)(2).

■ Plaintiff has also requested punitive damages, in part based upon Defendant's alleged violation of the automatic stay. Section 362(h) does so provide in appropriate circumstances. Since all matters concerning the automatic stay must be considered core proceedings, Plaintiff's demand for punitive damages also constitutes a core matter.

Therefore, this Court clearly has subject matter jurisdiction over this cause of action.

## VENUE

■ Defendant claims that venue is improper in this district and that this cause of action should be heard in the Bankruptcy Court for the Southern District of Florida. While we agree that this proceeding should be transferred, we believe that Defendant's statutory reliance is improper. Title 28 of the United States Code was significantly changed by BAFJA. The specific provisions upon which Defendant relies, §§ 1475 and 1477, were omitted from the 1984 amendments, and therefore are not relevant.

■ The appropriate venue provisions in question are §§ 1409 and 1412 of Title 28. Subsection (a) of § 1409 states:

> Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.

Subsections (b) and (d) are not relevant to this proceeding. Therefore, as this action has been found to involve core proceedings, and as the original bankruptcy case is pending in this Court, this is the proper venue in which to proceed. *Allegheny, Inc. v. Laniado Wholesale Company, supra; In re Windsor Communications Group, Inc.*, 53 B.R. 293 (Bankr.E.D. Pa.1985).

Regardless, this Court may transfer this proceeding to another district in the interest of justice or for the convenience of the parties. 28 U.S.C. § 1412(a).

■ The burden of proof for a change of venue is on the moving party. *Allegheny, Inc. v. Laniado Wholesale Company, supra; In re Thomasson,* 60 B.R. 629 (Bankr.M.D.Tenn.1986).

■ The following factors are important when analyzing appropriateness of a change of venue:

1) the location of Plaintiff and Defendant;

2) the ease of access to necessary proof;

3) the availability of subpoena power for unwilling witnesses;

4) the expense related to obtaining willing witnesses;

5) the enforceability of any judgment rendered;

6) the ability to receive a fair trial;

7) the state's interest in having local controversies decided within its borders, by those familiar with its laws; and

8) the economics of the estate administration.

*See Allegheny, Inc. v. Laniado Wholesale Company, supra.*

■ In this case it appears that the Southern District of Florida is the most appropriate forum. The Plaintiff is located in Pennsylvania, and Defendant is located in Florida. Aloha is located in Hawaii, and will be required to travel almost equidistantly to either forum. Air Florida, as a party to the lease progression, and most likely a source of witnesses and proof, is located in Florida. Engine 880 is located in Florida. The majority of witnesses, willing or hostile, are located in Florida.

Florida state law will most likely be called into play in this case. That fact alone is not determinative, but bolsters the moving party's request when viewed in conjunction with the other factors. Furthermore, the Bankruptcy Court for the Southern District of Florida is intimately familiar with the facts and nuances of this case, having already dealt with much of this and similar litigation in the Air Florida case.

It does not appear that the enforceability of judgment or receipt of a fair trial have been called into question, and therefore, have no bearing on a determination here.

The only factor that concerned the Court at the outset, was the cost of this change of venue to the administration of the estate. That concern has been soothed by the knowledge that Plaintiff's counsel has appeared before the transferee court in the Air Florida case, and that counsel has local offices in Florida from which it can operate without additional, exorbitant estate expenses.

Based upon this analysis, this Court finds that venue, while proper in this Court, should, in the interest of justice and for the convenience of the parties, be changed to the Southern District of Florida.

An appropriate Order will be issued.