In re ALLEGHENY, INC., t/d/b/a Allegheny Paper Company, Allegheny Products Company, Allegheny Circulation Supply Company, and A & E Plastics, Debtor.

ALLEGHENY, INC., et. al., Plaintiff,

v.

LANIADO WHOLESALE COMPANY, Defendant.

Bankruptcy No. 85–2136.
Adv. No. 86–0179.

United States Bankruptcy Court,
W.D. Pennsylvania.

Dec. 1, 1986.

Amy M. Tonti, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for debtor.

Karen M. Baskin, Rok & Baskin, Pittsburgh, Pa., for defendant.

### MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Presently before the Court are the Defendant's Motion to Dismiss this adversary proceeding, and Plaintiff's Counterclaim requesting a determination of the status of this proceeding as either "core" or "related". The specific issues before the Court are as follows:

1) Does this Court have *in personam* jurisdiction over a Defendant averring no minimum contacts with the State of Pennsylvania?

Based upon the analysis which follows, we determine that *in personam* jurisdiction does exist in this Court, irrespective of any minimum contacts defense.

2) Does this action by the Debtor, to gather and/or recover the property of the estate through collection of accounts receivable, constitute a core proceeding?

Based upon the analysis which follows, we determine that this action to recover an account receivable is a core proceeding.

3) Is venue proper in the Western District of Pennsylvania over a Maryland defendant averring no minimum contacts with Pennsylvania?

Based upon the analysis which follows, we determine that venue is proper in this Court.

4) Is this Court the most convenient forum in which to hear this case?

Based upon the analysis which follows, we determine that this forum is as convenient as the forum requested by the Defendant, and therefore, the proceeding should remain here.

5) *Must* or *should* this Court abstain from hearing this cause of action?

Based upon the analysis which follows, we determine that we are neither required to, nor should we, abstain.

## BACKGROUND

Allegheny, Inc., et. al., ("Debtor") brought this adversary proceeding as an action for turnover of property of the estate, against Laniado Wholesale Company ("Laniado"). The Complaint alleges that the Debtor supplied Laniado with various paper and plastic products pursuant to purchase requests. The Debtor claims that Laniado remains indebted to the Debtor for several of the filled requests, for a total of $37,840.54. This constitutes the Debtor's largest account receivable, and is allegedly essential to the Debtor's ability to reorganize.

Rather than file an Answer, Laniado has responded to the Debtor's Complaint by submitting this Motion to Dismiss, wherein Laniado asserts the following:

1) Laniado, as a corporation operating solely in the State of Maryland and having no contacts with the State of Pennsylvania, cannot be properly brought before this Court, as the Court lacks *in personam* jurisdiction.

The Debtor responds by averring that: the actions brought in this adversary proceeding are free from the problems of personal jurisdiction, in that actions in bankruptcy cases are clothed with nationwide personal jurisdiction.

2) As Laniado would require the testimony of several witnesses, all of whom are located in Maryland, and as all of the transactions which occurred in relation to this proceeding occurred in Maryland, this Court is not the appropriate venue in which to conduct this action; furthermore, under the doctrine of *forum non conveniens*, this action should be transferred to the appropriate court in the State of Maryland.

The Debtor responds by averring that: venue is both proper and convenient in this forum, as it is the forum chosen by the Debtor; the Debtor's witnesses will all be from Pennsylvania; as the Debtor's largest account receivable, the determination on the merits will have a significant impact on the administration of the Debtor's estate; and, it would be an undue burden on the estate to travel to a foreign jurisdiction to litigate this matter, so closely related to the Debtor's reorganization;

3) Pursuant to 28 U.S.C. § 1334(c)(2), this Court must abstain from hearing this action, which should be transferred to the state courts of Maryland.

The Debtor responds by averring that: the Court cannot mandatorily abstain from hearing this case, as no action has been brought in any state tribunal, and therefore, it would be impossible to receive a timely adjudication of the case.

4) Pursuant to 28 U.S.C. § 1334(c)(1), if the Court finds it is not mandatory to abstain, the Court should voluntarily do so in the interest of justice and comity with the state courts of Maryland and its state law.

The Debtor responds by averring that: the Court should not abstain as permitted, because it is more just to have this matter adjudicated in the forum where the bankruptcy case is pending; and, as there are no unique or unsettled principles of state law involved in the case, there is no need to defer to the state courts.

The Debtor additionally claims that this action should be determined to be a core

proceeding, giving this Court the authority to hear the action on the merits and make a final adjudication.

■ It should be noted that Laniado has raised two additional issues, both in improper and untimely fashion. First, the Defendant asserts the invalidity of service of process. This issue was raised for the first time in Laniado's brief of its Motion to Dismiss. This brief, which under Local Rule 7008.1(D) of the United States Bankruptcy Court for the Western District of Pennsylvania must be filed with the motion, was filed four and one-half (4½) months *after* the motion itself; said motion does not raise the issue of service. The raising of this defense in a brief is both improper and untimely. Additionally, the invalidity alleged was of a *de minimus* nature; therefore, we find that this defense has been waived.

At the hearing on this Motion to Dismiss, and as a part of oral argument, Laniado raises the "possibility" of a request for jury trial—this issue was raised as a challenge to this Court's jurisdiction. As such a request has not yet been formally made, we will not address this issue. However, if such a request is formally made, we will make a determination based upon the appropriate Bankruptcy Rule, including those provisions dealing with timeliness and waiver.

## IN PERSONAM JURISDICTION

Laniado has challenged this Court's authority to hear this matter, claiming that we lack the requisite personal jurisdiction over the Defendant. It is specifically argued, that Laniado lacks the requisite "minimum contacts" with Pennsylvania to meet due process requirements. While Defendant's analysis is sound, the original premise is incorrect, thereby voiding this argument.

■ Jurisdiction over the person for bankruptcy purposes is achieved through the nationwide service of process created by Bankruptcy Rule 7004. The Advisory Committee Notes To Rule 7004 state that the underlying purpose of the Rule is to grant the bankruptcy courts territorial jurisdiction over the entire United States. It is here that Laniado's "minimum contacts" argument fails. That doctrine, as espoused in *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), is not relevant in the bankruptcy scheme. Minimum contacts involves *extraterritorial* assertion of personal jurisdiction by a state court. Minimum contacts with a particular state in a federal question case are only necessary when the state's service of process statute must be borrowed pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. Bankruptcy Rule 7004 provides for nationwide service of process, thereby removing the necessity of borrowing Pennsylvania's statute. The "contacts" therefore, must be in connection with the United States as a whole, not with the forum state. See *In re Continental Air Lines, Inc.,* 61 B.R. 758 (D.C.S.D.Tex. 1986); *Matter of Self,* 51 B.R. 683 (Bankr. N.D.Miss.1985); *Matter of McRae Fire Protection, Inc.,* 49 B.R. 773 (Bankr.E.D. Mich.1985); *In re B.W. Development Company, Inc.,* 49 B.R. 129 (Bankr.W.D.Ky. 1985).

■ While this adversary proceeding admittedly involves a state law cause of action, it is ancillary to the federal bankruptcy action. Therefore, as this Court has *in personam* jurisdiction in bankruptcy cases over any person with minimum contacts with the United States, and since Bankruptcy Rule 7004 creates nationwide service of process, this Court has ancillary personal jurisdiction over Laniado in the related adversary proceeding, even though Laniado may lack minimum contacts with Pennsylvania. See *In re DeLorean Motor Company,* 49 B.R. 900 (Bankr.E.D.Mich.1985); *In re WWG Industries, Inc.,* 44 B.R. 287 (Bankr.N.D.Ga.1984).

## SUBJECT MATTER JURISDICTION

The Debtor has requested that we make a determination as to the "core" or "relat-

ed" status of its Complaint. Because the status of accounts receivable actions is in a state of flux around the country, we feel it is imperative to give a thorough analysis of the history of this Court's subject matter jurisdiction, which brought us to this juncture.

When the Bankruptcy Reform Act of 1978 was originally enacted, Congress granted original and exclusive jurisdiction of all cases under Title 11 ("the Code") to the district courts. Congress also gave the district courts original, but not exclusive jurisdiction over all civil proceedings arising under the Code, or arising in or related to cases under the Code. However, the bankruptcy court for the district in which a case arose under the Code was to exercise all of the jurisdiction granted to the district court. 28 U.S.C. § 1471 (repealed).

This was a momentous change from the previous jurisdictional grant, giving bankruptcy courts far reaching ability to decide all matters arising in bankruptcy cases or requiring the application of bankruptcy law. The constitutionality of this broad jurisdiction was challenged in *Northern Pipeline Construction Company v. Marathon Pipeline Company*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In *Marathon*, the debtor in possession brought a suit in the bankruptcy court against the defendant for breach of contract, breach of warranty, misrepresentation, coercion, and duress. The bankruptcy court originally denied the defendant's motion to dismiss, and the district court reversed. An appeal was taken to the Supreme Court, which held that the broad jurisdictional grant of § 1471 was unconstitutional. The Court found that bankruptcy judges, as Article I judges, could not hear and make final determinations on state law claims. The fear of the Court was that bankruptcy judges, having co-extensive jurisdiction with Article III district court judges in all proceedings relating to bankruptcy cases, would be subject to pressure from the other government branches, since bankruptcy judges are not protected by Article III tenure and salary guarantees. *See Marathon* at 102 S.Ct. 2877.

The Supreme Court ordered that the *Marathon* ruling apply prospectively, and stayed the effective date of the ruling for several months, in an attempt to afford sufficient time for Congress to make the necessary amendments to the statute. Congress did not act promptly, and after the Court granted two extensions of time, the stay expired. Thereafter, the district courts, nationwide, adopted what came to be known as the Emergency Rule, a temporary solution to the jurisdictional problems. The Emergency Rule enacted by the District Court for the Western District of Pennsylvania retained original and exclusive jurisdiction in the district court over all cases, and original but not exclusive jurisdiction over all civil proceedings arising in or under the Code. These matters were then transferred by general reference to the bankruptcy court, then denominated a division of the district court. The Rule made this Court an adjunct of the district court, rather than continuing the co-extensive jurisdiction.

On July 10, 1984, the President signed into law the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA"). The scope of these Amendments is quite broad, affecting both substantive and procedural aspects of bankruptcy law. As part of BAFJA, Congress created new jurisdictional grants under Title 28 of the United States Code. This enactment closely parallels the Emergency Rule. Pursuant to § 1334, the district courts have both original and exclusive jurisdiction of all cases under the Bankruptcy Code, and have original, but not exclusive jurisdiction of all civil proceedings arising under the Bankruptcy Code, or arising in or related to cases under the Bankruptcy Code. Section 157(a) of Title 28 allows the district court to grant, by general reference to the bankruptcy court for that district, jurisdiction to hear all of the cases and proceedings arising under, in, or related to the Bankruptcy Code. The District Court for the Western District of Pennsylvania has issued such a general reference.

The differentiation between core and related matters is found in 28 U.S.C. § 157(b) and (c). The key distinction is that a bankruptcy judge may hear, decide, and enter final Orders in matters which are determined to be core. In contradistinction, a matter which is found to be related to a bankruptcy case, but is not a core matter, can only proceed to finality in the bankruptcy court upon consent of all interested parties. In the event the parties do not consent to such a final determination, the bankruptcy court, after hearing the matter, must submit proposed Findings of Fact and Conclusions of Law to the district court for final determination.

The statutory language states that the bankruptcy judge shall determine whether a proceeding is core or related. 28 U.S.C. § 157(b)(3). This language has been upheld by our district:

> Since the powers of the bankruptcy judge are determined by the nature of the proceeding, it is obvious the bankruptcy judge should be empowered to make a determination of whether or not a proceeding is a core proceeding. Subsection (b)(3) of 28 U.S.C. § 157 grants this authority to the bankruptcy judge
> ...
> It would be unseemly for this Court to usurp and exercise discretion in a matter that has been statutorily entrusted to the bankruptcy judge.

*In re Ellwood City Iron & Wire Company*, 51 B.R. 222, 223 (W.D.Pa.1985).

Section 157(b)(3) further states that a determination as to whether a proceeding is core or related is not to be made solely on the basis that the resolution involves issues of state law.

A non-exhaustive list of those proceedings which should be considered core matters is given in § 157(b)(2). The portions deemed relevant to these proceedings are as follows:

> Core proceedings include, but are not limited to—
>
> "(A) matters concerning the administration of the estate;

> "(E) orders to turn over property of the estate; and
>
> "(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

Many courts have wrestled with the question of whether an account receivable falls within the parameters of § 157(b)(2). The following citations show that no clear consensus exists. *In re National Equipment & Mold Corporation*, 60 B.R. 133 (Bankr.N.D. Ohio 1986) (core); *In re Ellwood City Iron & Wire Company*, 59 B.R. 53 (Bankr.W.D.Pa.1986) (core); *In re Bucyrus Grain Company*, 56 B.R. 204 (Bankr. D.Kan.1986) (core); *In re Arnold Print Works, Inc.*, 54 B.R. 562 (Bankr.D.Mass. 1985) (non-core); *In re Franklin Computer Corporation*, 50 B.R. 620 (Bankr.E.D. Pa.1985) (core); *Matter of George Woloch Company, Inc.*, 49 B.R. 68 (Bankr.E.D.Pa. 1985) (non-core); *Matter of Baldwin-United Corporation*, 48 B.R. 49 (Bankr.S.D. Ohio 1985) (core); *In re Lion Capital Group*, 46 B.R. 850 (Bankr.S.D.N.Y.1985) (core); *In re B & L Oil Company*, 46 B.R. 731 (Bankr.D.Colo.1985) (non-core); *In re Atlas Automation, Inc.*, 42 B.R. 246 (Bankr.E.D.Mich.1984) (non-core).

Normally, the fact that a judge in our district has spoken to an issue (*i.e. Ellwood City, supra*) would weigh heavily in our decision. However, that case turned on significant factual situations which are not present in the case at bar; and, the core determination was made in relation to subsections of § 157(b)(2) which are not applicable here. Therefore, we find that we must begin an analysis with the sections that are germane to the instant case.

When a debtor-in-possession files a Chapter 11 petition, the Code requires the collection of estate property in order to fund a plan of reorganization. When dealing with a Chapter 11 case, normally filed by a business entity, a significant portion of the estate's assets will be in the form of accounts receivable. In order to properly

administer a Chapter 11 estate, with the hope of successfully reorganizing the business, it is imperative to obtain the prompt collection of these outstanding accounts. Section 157(b)(2)(A) clearly states that "matters concerning the administration of the estate" are core proceedings. Clearly, then, the equities weigh significantly in favor of denominating an action to collect accounts receivable a core matter under § 157(b)(2)(A). *See In re Bucyrus Grain Company, Inc., supra; In re Franklin Computer Corporation, supra.*

■ The Debtor has captioned its Complaint as an Action For Turnover, which also constitutes a core proceeding under § 157(b)(2)(E). The question is whether an accounts receivable claim by the Debtor is in fact a turnover proceeding.

Turnover proceedings, as provided in § 542 of the Code, apply to:

[an] entity that owes a debt that is property of the estate and that is matured ... except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

*See also, In re Lion Capital Group, supra.*

That an accounts receivable claim by the debtor constitutes a turnover proceeding was aptly explained in *In re Perry, Adams and Lewis Securities,* 30 B.R. 845 (Bankr. W.D.Mo.1983), wherein the Court stated:

Section 542(b) of the Bankruptcy Code ... makes the matured rights of the estate to collect under a contract or on account a matter of summary turnover jurisdiction ... This by necessary implication, means that money or property which is the subject of the action to recover a matured right to payment under a contract is within the constructive possession of the bankruptcy court. For turnover jurisdiction has always been equated with the inherent summary jurisdiction to recover assets within actual or constructive possession of a bankruptcy court.

*See also, Matter of Baldwin-United Corporation, supra.*

In may be argued that including actions on accounts receivable under the category of turnover is a significantly broad interpretation of that subsection. However, it appears to this Court that a claim for an overdue account, specific in its terms as to amount due and date payable, constitutes a matured debt. If the debtor's claim lacked such certainty, an action for turnover might not be appropriate.

The Debtor is attempting to collect property for the estate. The party owing on the account may assert valid defenses to the payment of this debt; however, that is not a relevant factor to the propriety of a turnover action. Section 542 allows for setoffs to be asserted against the debtor's claim, and any such setoff would be part of the subject of future litigation in this case. It is clear then, that the collection on an accounts receivable claim can properly be a turnover action if said claim constitutes a matured debt.

In the instant case, the claim does warrant this status and therefore, pursuant to § 157(b)(2)(E), this cause of action does constitute a core proceeding.

■ Section 157(b)(2)(O) states that core proceedings include those affecting the adjustment of the debtor-creditor relationship. The Debtor in this case claims that Laniado owes it $37,840.54. While Laniado has not yet tendered an Answer to the Complaint, we must assume that it harbors some rationale for believing the Complaint is incorrect in some manner. At oral argument, Laniado intimated that certain defenses could be raised. Certainly, the outcome of this litigation will affect the adjustment of the debtor-creditor relationship, which the Code has expressly included as a core proceeding. *See In re National Equipment & Mold Corporation, supra; In re Franklin Computer Corporation, supra; In re Lion Capital Group, supra.*

This Court must determine the most economical and expeditious means to achieve a reorganization and pay the outstanding creditors. By having this Court hear and finally determine the validity and extent of an overdue account, under any of the afore-

mentioned sections, the Debtor's reorganization can proceed most efficiently. Furthermore, such a determination will not adversely affect the separation of federal powers, which was, by and large, the primary concern voiced by the Supreme Court in *Marathon.*

### VENUE AND FORUM NON CONVENIENS

■ Laniado has challenged the propriety of venue in this form, as well as the convenience of proceeding here. The basis venue provision applicable to bankruptcy proceedings is found at 28 U.S.C. § 1409(a), which provides:

> Except as otherwise provided in subsections (b) and (d), a proceeding arising under Title 11 or arising in or related to a case under Title 11 may be commenced in the district court in which such case is pending.

Subsection (b) deals with actions to recover small sums of money and is not relevant here. Similarly, subsection (d) deals with causes of action which arise post-petition and is equally inapplicable in the instant case. Venue is therefore proper in this Court. *See also, In re Windsor Communications Group, Inc.,* 53 B.R. 293 (Bankr.E.D.Pa.1985); *In re All American of Ashburn, Inc.,* 49 B.R. 926 (Bankr.N.D. Ga.1985).

The doctrine of *forum non conveniens* is codified in § 1412 of Title 28, which states:

> A district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

The burden of proof that a transfer is warranted is on the moving party. *In re Thomasson,* 60 B.R. 629 (Bankr.M.D.Tenn. 1986); *In re Windsor Communications Group, Inc., supra; In re Franklin Computer Corporation, supra; In re All American of Ashburn, Inc., supra; In re Bell & Beckwith,* 41 B.R. 697 (Bankr.N.D. Ohio 1984.)

■ Unless the balance is strongly in the Movant's favor, the Plaintiff's choice of forum should not be changed. *In re Windsor Communications Group, Inc., supra; In re Bell & Beckwith, supra.*

■ The following factors should be considered when determining if the present forum is the most appropriate and convenient. These include:

1) the location of the Plaintiff and Defendant;
2) the ease of access to necessary proof;
3) the availability of subpoena power for unwilling witnesses;
4) the expense related to obtaining willing witnesses;
5) the enforceability of any judgment rendered;
6) the ability to receive a fair trial;
7) the state's interest in having local controversies decided within its borders, by those familiar with its law; and,
8) the economics of the estate administration.

■ The inconvenience in this case appears to be balanced, *inter alia,* the Debtor and its witnesses are all located in Pennsylvania, and Laniado and its witnesses are all located in Maryland. There has been no offer on the record to establish the necessity of subpoenaing hostile witnesses for either party. Access to proof, which the Court expects will be in the form of manageable written records, should not cause either party any difficulty. The Debtor is seeking a money judgment, which, if obtained, can easily be transferred to Maryland for execution. As this litigation will be tried in this Court, there is no problem for either party to receive a fair trial. Even if this were to go forward as a jury trial, there exists no notoriety, as to either party or the specific cause of action, giving rise to a need for a change of venue. While this action may require the application of Maryland state law, the law surrounding actions on accounts receivable is not especially unique or complex, and this Court is fully competent to render a decision applying another state's law.

Finally, the Debtor in this Chapter 11 case, operating as a Trustee, is attempting to gather its assets to fund a plan of reorganization and continue its operation. This particular account is the Debtor's largest single receivable, and will significantly affect the Debtor's salvageability. If the costs to the Debtor in pursuing this claim are great, the continuation of this action will probably be deterred.

We find therefore, that Laniado has not met its burden of proof so as to require a change of venue.

## ABSTENTION

Laniado has requested that this Court abstain from hearing this case pursuant to 28 U.S.C. § 1334(c)(2), the mandatory abstention clause; alternatively, we have been asked to permissively abstain under the criteria of 28 U.S.C. § 1334(c)(1). We address these issues seriatum.

■ This Court would be *required* to abstain under the following circumstances:

1) there has been a timely motion by a party in interest;

2) the proceeding involves determinations of state law and is "related" to the bankruptcy case;

3) the cause of action has already been commenced in a state court tribunal; and

4) the cause of action can be timely adjudicated in said state tribunal.

*See, In re Allied Mechanical and Plumbing Corporation,* 62 B.R. 873 (Bankr.S.D. N.Y.1986); *Harley Hotels, Inc. v. Rain's International Ltd.,* 57 B.R. 773 (M.D. Pa.1985); *In re Arnold Print Works, Inc., supra; Matter of Climate Control Engineers, Inc.,* 51 B.R. 359 (Bankr.M.D.Fla. 1985); *In re DeLorean Motor Company, supra.*

■ It is readily apparent that mandatory abstention does not apply in the case at bar. While a timely motion has been made by Laniado, the other requirements fall short. We have already determined that this cause of action constitutes a core proceeding within the procedural guidelines

of BAFJA. Mandatory abstention can only arise in cases involving non-core, related proceedings. However, even if we had determined this action to be a related proceeding, mandatory abstention would fail. This is so, because no action has been commenced before a state court tribunal. Given this fact, and the knowledge that the state courts are mercilessly overburdened, it would be impossible for this matter to be more timely adjudicated elsewhere.

We therefore find that mandatory abstention would be improper. *Harley Hotels, Inc. v. Rain's International, Ltd., supra; Matter of Climate Control Engineers, Inc., supra; In re DeLorean Motor Company, supra; Ram Construction Company, Inc. v. Port Authority of Allegheny County,* 49 B.R. 363 (W.D.Pa.1985).

■ Alternatively, this Court may, in its discretion, choose to abstain from hearing this cause of action, if it appears that to do so would be in the interest of justice or comity with a state's courts and laws. The fact that the Complaint raises issues of state law is not determinative of the appropriateness of abstention. *Harley Hotels, Inc. v. Rain's International Ltd., supra; In re All American of Ashburn, Inc., supra; In re DeLorean Motor Company, supra.* In exercising our discretion, we must look to what will most reasonably provide for economical and expeditious administration of this estate. *Harley Hotels, Inc. v. Rain's International Ltd., supra; Ram Construction Company, Inc. v. Port Authority of Allegheny County, supra.*

■ In the case at bar, we are dealing with a claim for an account receivable. As stated previously, this action involves no unique issues of state law, nor is this Court any less suited than the appropriate state court to determine the outcome of this case. Furthermore, this account represents the single largest receivable in this Chapter 11 case.

The resolution of this issue is sure to have a significant impact on the Debtor's future ability to reorganize. If an injustice

were possible, it would be to deprive the Debtor of this Court's retention, which is obviously the most economical and expeditious forum available. To abstain in this case would be to nurture the very injustice which the statute seeks to avoid. We therefore find that abstention in this case is unwarranted.

An appropriate Order will be issued, directing Laniado to answer the Debtor's Complaint and proceed with the litigation of this case.

### ORDER OF COURT

AND NOW, at Pittsburgh in said District this 1st day of December, 1986, in accordance with the Memorandum Opinion of this same date, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion To Dismiss is DENIED.

Defendant is ORDERED to file an Answer to Plaintiff's Complaint in accordance with the appropriate rules of civil procedure.