In re ROLLS CONSTRUCTION CORP., an Illinois corporation, et al., Debtor.

Henry and Carol WEISS and Sutton Place Development Co., Plaintiffs,

v.

Donald L. JOHNSON, Esq., Defendant.

Bankruptcy No. 83–01417–BKC–AJC.
Adv. No. 89–0335–BKC–AJC–A.

United States Bankruptcy Court,
S.D. Florida.

Nov. 16, 1989.

Andrew V. Tramont, Jr., Mark Bonacquisti, Miami, Fla., for defendant.

Andrew J. Nierenberg, Coral Gables, Fla., for plaintiffs.

## ORDER AND MEMORANDUM OPINION DISMISSING COUNT II OF PLAINTIFFS' COMPLAINT

A. JAY CRISTOL, Bankruptcy Judge.

THIS MATTER came before the Court upon the motion of the defendant Donald L. Johnson to dismiss Count II of the plaintiffs' complaint, and the hearing on this motion was conducted before this Court on November 15, 1989. After a thorough examination of the relevant pleadings, and after hearing the argument of counsel at the hearing, this Court dismisses Count II of plaintiffs' complaint with prejudice for the reasons stated herein.

Although the plaintiffs' complaint is lengthy, the factual allegations contained therein can be summarized briefly for the purposes of this opinion. Mr. Johnson was retained by the estates of the debtors to represent their interests in litigation in the United States District Court for the Northern District of Illinois ("the Chicago litigation"). The plaintiffs allege that during the course of this representation Mr. Johnson was derelict in representing their interests, and improperly attempted to withdraw from his representation of the plaintiffs in the Chicago litigation. Among the causes of action set forth by the plaintiffs to remedy these alleged wrongs is Count II, which seeks the entry of a judgment in favor of the plaintiffs and against Johnson awarding sanctions under Fed.R.Civ.P. 11 and/or Bankruptcy Rule 9011. Assuming, as this Court must for purposes of this motion to dismiss, the allegations of the plaintiffs' complaint to be true, and viewing these allegations in a light most favorable to the plaintiffs, it is clear that Count II fails to state a claim upon which relief may be granted, and must be dismissed for the reasons specified below.

First, in Count II the plaintiffs seek the imposition of Rule 11 sanctions for actions taken by Johnson while he was trial counsel for the plaintiffs. The Court is aware of no authority whatsoever which supports the proposition that a litigant may recover Rule 11 sanctions from his own counsel. As stated in the notes of the Advisory Committee addressing the 1983 Amendment to Fed.R.Civ.P. 11:

The amended rule attempts to deal with the problem [of "abuses in the signing of pleadings"] by building upon and expand-

ing the equitable doctrine permitting the Court to award expenses, including attorney's fees, to a litigant *whose opponent* acts in bad faith in instituting or conducting litigation.

(emphasis added). Rule 11 is clearly intended to punish abuses in our adversarial legal system where one party seeks an advantage over its opponent by interposing pleadings or motions for "any improper reason, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ.P. 11.* When a client is dissatisfied with the conduct of his or her own counsel, that client may be entitled to pursue various forms of common law and statutory relief, but Rule 11 simply was not intended to apply to such situations.

■ Second, even if Rule 11 could apply to a client seeking sanctions against his or her own counsel, the plaintiffs are seeking Rule 11 sanctions from the wrong court. If the defendant's conduct in the Chicago litigation before the United States District Court for the Northern District of Illinois somehow constituted a violation of Rule 11, the plaintiffs should have sought sanctions from that court. It would seem beyond reasonable dispute that the District Court in Illinois should be the sole judge of whether conduct *in proceedings before that court* amounted to abusive conduct, whether such abusive conduct warrants Rule 11 sanctions, and precisely what those sanctions should be. What authority there is on this subject appears to be in complete accord with this view:

> We note that applications for Rule 11 sanctions *must* be made in the court where the offending papers are filed, since the abusive conduct is determined as of the time of filing. It was therefore improper for [defendant-appellant] Abbott [Laboratories] to seek sanctions in

the Southern District of New York for claimed violations of Rule 11 committed in the District of New Jersey.

*Barr Laboratories, Inc. v. Abbott Laboratories,* 867 F.2d 743, 748 (2d Cir.1989) (emphasis added) (citation omitted). *See also Morris v. Peterson,* 871 F.2d 948, 951 (10th Cir.1989) (reaching the same result where a request for attorney's fees was based upon the inherent equitable power of the court and 28 U.S.C. § 1927).

The aforementioned flaws are symptomatic of an even deeper problem inherent to plaintiffs' Count II: this count attempts to transform a procedural rule into a substantive cause of action. The plaintiffs' pursuit of sanctions against their own counsel, in a forum totally removed from that where the Rule 11 violations supposedly occurred, is completely antithetical to the accepted and permissible uses of Rule 11. Rule 11 is

> no more a 'law' under which a cause of action may arise than are its companion rules. Rule 11 is designed to regulate proceedings among parties already before the court in a particular case. And even as to such parties, the rule's primary purpose is to discourage groundless proceedings rather than to compensate wronged parties by means of affirmative relief.
>
> .   .   .   .   .
>
> Moreover, Rule 11 provides that the court may invoke the rule only 'upon *motion* or upon its own initiative'—a further indication, if one were needed, that the rule is to be utilized during the pendency of the initial suit in which the asserted violation occurred.

*Fort Drum Co. v. Umphrey,* 852 F.2d 148, 150, 151 (5th Cir.1988) (emphasis in original). Indeed, any other view would neces-

---

\* As recently stated by this Court, Bankruptcy Rule 9011 serves the exact same function—prevention of abuses *between* litigants:

> Bankruptcy Rule 9011, which is patterned after Federal Rule 11, is a means to rectify the harm caused by litigants, like SunCoast, who abuse the legal system by filing pleadings containing phantom claims or defenses having no basis in fact. Even if the phantom claims are

abandoned at trial, as they were here, the harm still requires correction under Bankruptcy Rule 9011 because the delay and cost in preparing a response already has taken place.

Order on Plaintiff's Motion for Costs and Attorneys' Fees, *Atkinson & Mullen Travel, Inc. d/b/a Apple Vacations v. SunCoast Airlines, Inc.,* 101 B.R. 350 (1989).

sarily contradict the Rules Enabling Act, 28 U.S.C. § 2072, and Fed.R.Civ.P. 82, which provide, respectively, that the Federal Rules of Civil Procedure cannot abridge, enlarge or modify any substantive right nor alter the jurisdiction of the federal courts. *Fort Drum, supra,* at 150.

For all of the foregoing reasons, plaintiffs' Count II is dismissed with prejudice.

DONE and ORDERED.