In re MARCUS HOOK DEVELOPMENT PARK, INC., Debtor.

T.A. TITLE INSURANCE COMPANY; and County of Delaware, Pennsylvania, Plaintiff and Plaintiff–Intervenor,

v.

LAMPL, SABLE & MAKOROFF; Sable, Makoroff & Gusky, P.C.; and Adelman, Lavine, Krasny, Gold & Levin, Defendants.

T.A. TITLE INSURANCE COMPANY; and County of Delaware, Pennsylvania, Movants,

v.

LAMPL, SABLE & MAKOROFF, a partnership organized and existing under the laws of the Commonwealth of Pennsylvania; Sable, Makoroff & Gusky, P.C., a Professional Corporation, organized and existing under the

laws of the Commonwealth of Pennsylvania, and a successor to Lampl, Sable & Makoroff; Robert G. Sable; Mark L. Glosser; Adelman, Lavine, Krasny, Gold & Levin, a partnership organized and existing under the laws of the Commonwealth of Pennsylvania; and Gary M. Schildhorn, Respondents.

Bankruptcy No. 83–2614–BM.
Adv. No. 92–2524–BM.
Motion Nos. 92–3070M, 92–3506M and 92–3508M.

United States Bankruptcy Court,
W.D. Pennsylvania.

April 15, 1993.

Bela A. Karlowitz, Karlowitz & Cromer, Pittsburgh, PA, for plaintiff/T.A. Title Ins. Co.

Joy Flowers Conti, Kirkpatrick & Lockhart, Pittsburgh, PA, for plaintiff-intervenor/County of Delaware, PA.

Daniel P. Stefko, Dickie McCamey & Chilcote, P.C., Pittsburgh, PA, for defendants/The Law Firm of Lampl, Sable & Makoroff; Sable, Makoroff & Gusky, P.C.; Robert G. Sable; and Mark L. Glosser.

Robert P. Simons, Klett, Lieber, Rooney & Schorling, Pittsburgh, PA, for defendants/The Law Firm of Adelman, Lavine, Krasny, Gold & Levin; and Gary M. Schildhorn.

David J. Singley, Israel & Wood, P.C., Pittsburgh, PA, for defendants/Gary M. Schildhorn, Esquire and The Law Firm of Adelman, Lavine, Krasny, Gold & Levin.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Several matters are before the court at this time.

Defendants at Adversary No. 92–2524–BM have moved for dismissal of all or of certain counts of the complaint. Alternatively, they ask this court to abstain from hearing the matter in light of a similar action that is pending in state court. Defendants' motion to dismiss the entire complaint or, in the alternative, for abstention will be denied. The request that Counts I through IV of the complaint be dismissed also will be denied. Counts V and VI will be dismissed because they fail to state a claim upon which relief can be granted.

Respondents at Motion No. 92–3070M have moved at Motion Nos. 92–3506M and 92–3508M for dismissal of the motion for sanctions against them. Their motions at Motion Nos. 92–3506M and 92–3508M to dismiss the original motion and/or the amended motion for sanctions at Motion No. 92–3070M will be granted as to the respondent law firms but will be denied as to the respondent individual attorneys.

–I–

## FACTS

Most of the salient facts in this case were set forth in *In Re Marcus Hook Development Park, Inc.*, 143 B.R. 648 (Bankr. W.D.Pa.1992). Accordingly, they will not be reiterated here.

Additional relevant facts have occurred since the above decision was rendered on August 14, 1992.

T.A. Title Insurance Company ("T.A. Title") appealed the decision of August 14, 1992 to the district court and then voluntarily withdrew the appeal before it could be decided.

On October 13, 1992, some sixty (60) days after the order of August 14, 1992 had been issued, T.A. Title filed Motion No. 92–3070M for sanctions pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure against: the law firm of Lampl, Sable & Makoroff, counsel to debtor; the law firm of Sable, Makoroff & Gusky, P.C., successor to Lampl, Sable & Makoroff; and the law firm of Adelman, Lavine, Krasny, Gold & Levin, counsel to the Committee of Unsecured Creditors. Among other things, T.A. Title requested that monetary sanctions in the amount of the unpaid property taxes it owed to County of Delaware, Pennsylvania ("County"), be imposed upon respondents.

On November 10, 1992, County filed Motion No. 92–3296M seeking leave to intervene and to join T.A. Title as a movant in the motion for sanctions at Motion No. 92–3070M

On November 18, 1992, T.A. Title commenced Adversary Proceeding No. 92–2524–BM against the same law firms named as respondents in its earlier motion for sanctions. Counts I and II asserted claims for fraud against the various defendants. Counts III and IV asserted claims against them for negligence. Counts V and VI asserted claims against defendants for "violations of Bankruptcy Rules and the Bankruptcy Code".

On November 30, 1992, more than one hundred (100) days after the order of August 14, 1992 but before respondents had answered Motion No. 92–3070M, T.A. Title amended its motion for sanctions. The amended motion differs from the original motion in two significant respects. Robert Sable, Mark Glosser, and Gary Schildhorn, all of whom are individual attorneys, were named as respondents in addition to the law firms named in the original motion. Also, sanctions were sought under the court's inherent power to sanction attorneys for misconduct as well as under Bankruptcy Rule 9011.

On December 30, 1992, defendants at Adversary No. 92–2524–BM filed motions to dismiss all or portions of the complaint or for abstention. That same day, respondents at amended Motion No. 92–3070M filed Motion Nos. 92–3506M and 92–3508M to dismiss the original motion and/or the amended motion for sanctions.

On December 31, 1992, County moved to intervene at Adversary No. 92–2524–BM and to join T.A. Title as plaintiff with respect to Counts III through VI of the complaint. Among other things, County requested in its prayer for relief that any recovery awarded pursuant to the complaint, up to $140,597.57 plus interest, be paid by defendants directly to County.

On January 7, 1993, County's request to intervene in Adversary No. 92–2524–BM and in Motion No. 92–3070M were granted.

–II–

## ANALYSIS

### A. *Subject–Matter Jurisdiction*

Defendants in the above adversary action maintain that it must be dismissed in its entirety because subject-matter jurisdiction is lacking. According to defendants, none of the grounds for subject-matter jurisdiction set forth at 28 U.S.C. §§ 1334(a) and (b) is present in this case.

Bankruptcy jurisdiction is created by 28 U.S.C. § 1334, which provides in relevant part as follows:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

A bankruptcy court has jurisdiction pursuant to 28 U.S.C. § 1334(a) and (b) over four types of matters:

(1) cases under title 11;

(2) proceedings arising under title 11;

(3) proceedings arising in a case under title 11; and

(4) proceedings related to a case under title 11.

*See In re Marcus Hook Development Park, Inc.,* 943 F.2d 261, 264 (3d Cir.1991).

■ "Cases under title 11" refers to the underlying bankruptcy case itself. *Id.*

■ "Proceedings arising under title 11" refers to proceedings wherein the cause of action is created or determined by a statutory provision of title 11. *See In re Wolverine Radio Company,* 930 F.2d 1132, 1144 (6th Cir.1991), *certiorari dismissed,* — U.S. ——, 112 S.Ct. 1605, 118 L.Ed.2d 317 (1992).

■ "Proceedings arising in a case under title 11" refers to proceedings which, by their very nature, could arise only in a bankruptcy case. *Id.*

■ "Proceedings related to a case under title 11" refers to a proceeding whose outcome:

... ***could conceivably have any effect on the estate being administered in bankruptcy....*** An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. (Emphasis in original.)

*Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984). The key word in this test is "conceivably". Certainty, or even likelihood, is not required. *In re Marcus Hook Development Park,* 943 F.2d at 264. Debtor need not be a party to a proceeding in order for it to be "related to a case under title 11". There need only be some "nexus" between the proceeding and the title 11 case. It only need be "significantly connected with the bankruptcy case". *Pacor,* 743 F.2d at 994.

■ It is readily apparent that the first of the above four categories—i.e., "cases under title 11" is not present in this instance. The instant action is an adversary proceeding and is not the underlying bankruptcy case itself. If subject-matter jurisdiction is present, it must be derived from one of the three categories set forth in subsection 1334(b).

Congress intended when it enacted subsection 1334(b) to grant comprehensive jurisdiction to bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate. The jurisdiction created by this subsection is broad and pervasive. *See Pacor,* 743 F.2d at 994.

It is not necessary to distinguish among the three categories set forth in subsection 1334(b) for purposes of determining whether a particular matter lies within bankruptcy jurisdiction. They "operate conjunctively to define the scope of jurisdiction". *Matter of Wood,* 825 F.2d 90, 93 (5th Cir. 1987). It is necessary only to determine whether the matter is at least "related to" the bankruptcy case. *Id.*

Bankruptcy jurisdiction is present pursuant to subsection 1334(b):

... so long as it is possible that a proceeding may impact on "the debtor's rights, liabilities, options, or freedom of action" or the "handling and administration of the bankruptcy estate". *In re Smith,* 866 F.2d 576, 580 (3d Cir.1989); *accord Pacor v. Higgins, Inc.,* 743 F.2d at 994.

*In re Marcus Hook Development Park,* 943 F.2d at 264.

The present adversary proceeding is, at the very least, "related to" the underlying bankruptcy case.

The sole asset of any significance in the bankruptcy case was a parcel of real property purchased by Marcus Hook Business and Commerce Center Limited, title to which was insured by T.A. Title. Pursuant to the mandate issued by the Third Circuit, this court resolved the inconsistency between the order approving sale of the realty free and clear of all liens and encumbrances and the order confirming the plan of reorganization, which provided that the purchaser of the realty would satisfy County's tax lien against the realty. This court, in so doing, determined that the latter order took precedence, which meant that T.A. Title was liable as insurer of the purchaser's title to County for its tax lien against the property.

T.A. Title, which initially had appealed this determination, subsequently withdrew its appeal and instead brought the present adversary action. The outcome of this adversary action conceivably could affect administration of the bankruptcy estate. T.A. Title has not yet satisfied County's tax lien, which still attaches to the realty formerly owned by debtor. Among other things, T.A. Title seeks to recover from defendants the amount of the lien.

County, as intervenor-plaintiff, has joined in Counts III through VI of the complaint. Among other things, County asks that any recovery obtained from defendants be paid directly over to it in satisfaction of its lien.

Should T.A. Title prevail, funds will be obtained from defendants which would be applied to satisfy the claim of a creditor of the bankruptcy estate. Such an outcome would affect administration of the estate in that funds with which to finally satisfy the claim of a creditor would be generated.

### B. *Standing*

■ Defendants maintain that the adversary proceeding should be dismissed because plaintiffs lack standing under 11 U.S.C. Section 1109(b), which provides as follows:

A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

The contention that plaintiffs are not parties in interest who may bring the above adversary action is devoid of merit for several reasons:

■ To begin with, Section 1109(b) of the Code does not appear to have any bearing on whether one qualifies as a party in interest who may bring an adversary action. The language of Section 1109(b) states that it applies to a case under title 11—i.e., to the underlying bankruptcy case. The applicable provision for ascertaining whether one is a party in interest in an adversary proceeding is Fed.R.Civ.P. 17(a). *See* Bankruptcy Rule 7017.

In addition, even if Section 1109(b) is applicable, both T.A. Title and County qualify as "parties in interest".

■ The term "party in interest" is not defined in the Code. The above list of examples set forth in Section 1109(b) is not exhaustive. *See In re Amatex Corp.*, 755 F.2d 1034, 1043 (3d Cir.1985). The term must be construed broadly. *Id.* A determination must be made on a case-by-case basis whether a given party has a ***sufficient stake*** in a proceeding to enable them to be heard and to participate in a case. *Id.*

County unquestionably qualifies as a party in interest under Section 1109(b). It is a creditor in the underlying bankruptcy case.

T.A. Title also qualifies as a party in interest under Section 1109(b). It has a significant stake in the outcome of this complaint. If it prevails, County's lien will have to be paid by defendants. If it does not, County's lien will have to be paid by T.A. Title.

As has been noted, the relevant provision for determining whether one qualifies as a party in interest in an adversary action is FED.R.CIV.P. 17(a), which provides that "[e]very action shall be prosecuted in the name of the real party in interest".

■ The person holding the substantive right sought to be enforced is the real

party in interest for purposes of Rule 17(a). *See Farrell Construction Company v. Jefferson Parish, Louisiana,* 896 F.2d 136, 140 (5th Cir.1990). If the person bringing the action does not possess the substantive right being asserted, they are *not* a real party in interest. *Id.*

T.A. Title qualifies as a real party in interest with respect to Counts I and II of the complaint. It unquestionably possesses the substantive right to bring an action for fraud against defendants. In addition, as shall be seen later on, both T.A. Title and County possess the substantive right to bring the action for negligence set forth in Counts III and IV of the complaint.

### C. *Ripeness*

■■■■ Defendants insist that the entire complaint must be dismissed because the claim against them is not "ripe". According to defendants. T.A. Title has not yet suffered injury because it has not yet paid the tax liability on the property whose title it insured. This argument, like the previous arguments, is without merit.

■■■■ Ripeness is concerned with *when* a proper party may bring an action. *See Armstrong World Industries by Wolfson v. Adams,* 961 F.2d 405, 411 (3d Cir. 1992). The basic rationale of the ripeness requirement is to prevent a court, through avoidance of premature adjudication, from entangling itself in abstract disagreements. *See Abbott Laboratories v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967). A court must, when determining whether a controversy is "ripe", look to "the fitness of the issues for judicial decision" and to "the hardship to the parties of withholding court consideration". *Abbott Laboratories,* 387 U.S. at 149, 87 S.Ct. at 1515.

The present adversary proceeding undoubtedly is "fit for judicial decision" at this time. T.A. Title has suffered a real injury, as opposed to a hypothetical or conjectural one. The liability of T.A. Title for County's unpaid tax lien has been settled. The judgment of this court entered on August 14, 1992, which determined that T.A. Title is liable for unpaid taxes, is a final order that is no longer appealable now that

T.A. Title has withdrawn its appeal of that order. County, a creditor in the bankruptcy case, also has suffered a real, palpable injury in that its tax lien still has not been paid. It is asking that any judgment against defendants be paid over to it in satisfaction of its unpaid claim.

Moreover, deferring a consideration of this adversary proceeding until after T.A. Title has paid the tax lien would serve no legitimate purpose and would prolong the hardship suffered by plaintiffs. If this action is decided at this time and plaintiffs prevail, T.A. Title will be spared the need to pay County from its own funds. Moreover, the hardship suffered by County conceivably would be prolonged if consideration of this case were deferred until after T.A. Title has paid County from its own funds.

### D. *Abstention*

Two types of abstention—one discretionary and the other mandatory—are provided for at Section 1334(c) of Title 28, which provides in relevant parts as follows:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction....

28 U.S.C. § 1334(c).

Defendants argue that abstention is mandated by subsection (c)(2). Alternatively, they urge this court to exercise its discretion and to abstain pursuant to subsection (c)(1).

Neither type of abstention is appropriate in this instance.

### (i) Mandatory Abstention.

In order for mandatory abstention to occur, the party seeking abstention must show that:

(1) there has been a timely motion for abstention;

(2) the proceeding is based on state law;

(3) the proceeding is related to a case under title 11;

(4) the proceeding does not arise under title 11 or in a case under title 11;

(5) the proceeding could not have been brought in federal court except for 28 U.S.C. section 1334; and

(6) an action has been commenced in a state court of appropriate jurisdiction and can be adjudicated there in a timely manner.

See In re Reed, 94 B.R. 48, 54 (E.D.Pa. 1988); see also In re Allegheny, 68 B.R. 183, 192 (Bankr.W.D.Pa.1986).

Not all of these requirements have been satisfied in this instance. In particular, the sixth factor has not been met.

On August 27, 1991, T.A. Title commenced an action similar to the present action in the Court of Common Pleas Of Delaware County, Pennsylvania, against defendants named herein. It is highly unlikely, however, that that proceeding can be adjudicated in a timely manner. To the contrary, that cause of action is in the preliminary stage and resolution most likely will take several years. No trial date has been set in that action. By contrast, the present adversary action has been scheduled for trial in approximately three (3) months. A decision on the merits will be rendered by this court shortly thereafter.

### (ii) Discretionary Abstention.

Discretionary abstention would not be appropriate in this instance. The interest of justice unquestionably does not favor abstention. To the contrary, it favors retention of this case. As has been noted, the parallel proceeding in state court in all likelihood will take significantly longer to decide than will the present adversary action. Justice will be better served by a speedy resolution of this controversy.

Neither comity nor respect for state law favors abstention. The fact that the complaint raises issues of state law is not dispositive. See In re Allegheny, 68 B.R. at 192. The issues of state law that have been raised are neither unsettled nor complicated. This court feels comfortable in applying relevant state law in deciding this case.

The court also must take into account whether abstention will further or hinder expeditious administration of the bankruptcy estate. Id. This consideration also militates against abstention. The only matters remaining to be resolved in this bankruptcy case are this adversary action and the motion for Rule 9011 sanctions. These "loose ends" will be dealt with more expeditiously if this court decides them itself and does not await a decision by the state court.

### E. Counts I and II

T.A. Title has asserted a claim for common law fraud in Count I against defendant law firms Lampl, Sable, Makoroff and Sable, Makoroff & Gusky. It has asserted a similar claim in Count II against defendant law firm Adelman, Lavine, Krasny, Gold & Levin.

The following elements must be established in a case alleging common law fraud:

(1) a misrepresentation;

(2) a fraudulent utterance thereof;

(3) an intention by the maker that the recipient will thereby be induced to act;

(4) justifiable reliance by the recipient upon the misrepresentation; and

(5) damage to the recipient as the proximate result of the misrepresentation.

See Sowell v. Butcher & Singer, Inc., 926 F.2d 289, 296 (3d Cir.1991).

Defendants argue that Counts I and II must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted. According to

defendants, T.A. Title cannot recover pursuant to Counts I and II because any reliance it placed upon representations made by defendants was *un*justified. In addition, defendants maintain that Counts I and II should be dismissed because the fraud alleged therein has not been pled with particularity, in accordance with Fed.R.Civ.P. 9(b).

Both of these arguments are without merit. Counts I and II will not be dismissed at this time.

### (i) Unjustifiable Reliance.

 Defendants' insistence that Counts I and II must be dismissed because there was no justifiable reliance is premature.

Fed.R.Civ.P. 12(b)(6) applies to adversary proceedings. *See* Bankruptcy Rule 7012(b). A court must when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, *accept as true* all allegations in the complaint as well as all reasonable inferences that can be derived therefrom, and must view matters in the light most favorable to the non-moving party. *See Wisniewski v. Johns–Manville Corp.*, 759 F.2d 271, 273 (3d Cir.1985).

T.A. Title has alleged in the complaint that it justifiably relied upon certain misrepresentations by defendants. Such allegations must be regarded as true at this stage of the case.

### (ii) Lack of Particularity.

The assertion that Counts I and II should be dismissed because the fraud alleged therein has not been pled with particularity also must be rejected.

Fed.R.Civ.P. 9(b), which applies to adversary proceedings pursuant to Bankruptcy Rule 7009, provides as follows:

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally.

The following allegations are required by the first sentence of Rule 9(b):

(1) a specific false representation of a material fact;

(2) knowledge by the person who made it of its falsity;

(3) ignorance of its falsity by the person to whom it was made;

(4) the intention that it should be acted upon; and

(5) plaintiff acted upon it to its detriment.

*See Christidis v. First Pennsylvania Mortgage Trust*, 717 F.2d 96, 99 (3d Cir. 1983).

 The requirement of Rule 9(b) is meant to ensure that defendants are placed on notice of the "precise misconduct with which they are charged, and to safeguard defendants against spurious charges". *See Seville Industrial Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir.1984) *cert. denied*, 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985). Caution must be taken against focusing exclusively on the particularity requirement. This is "too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules". *Christidis*, 717 F.2d at 100.

The court has reviewed the allegations comprising Counts I and II and finds that they are sufficient to meet the requirement of particularity, as described above.

### F. Counts III and IV

 Plaintiff and intervenor-plaintiff have asserted a professional negligence claim in Count III against defendant law firms Lampl, Sable & Makoroff and Sable, Makoroff & Gusky. They have asserted a similar claim in Count IV against defendant law firm Adelman, Lavine, Krasny, Gold & Levin. T.A. Title and County claim that defendants were negligent in giving legal advice about certain matters pertaining to the sale of debtor's realty.

Defendants assert that Counts III and IV should be dismissed pursuant to Rule 12(b)(6) because plaintiff is not entitled to any recovery as a matter of law. According to defendants, plaintiffs have no cause of action for professional negligence for malpractice because there was no attorney-

client relationship between plaintiffs and defendants.

This argument must be rejected. T.A. Title and County have a cause of action against defendants for professional negligence. It cannot be said at this stage of the case that they will be unable to recover from defendants.

■ As a general matter, liability for negligent performance of legal services extends under Pennsylvania law only to a lawyer's clients. One who is not in privity with an attorney may not bring suit against that attorney for improper performance by the attorney. *See Smith v. Griffiths*, 327 Pa.Super. 418, 425–26, 476 A.2d 22, 26 (1984).

Like so many other principles of law, this general principle is not without its exceptions.

■ For instance, an intended third-party beneficiary of a contract between an attorney and a client may bring an action against the attorney. *See Guy v. Liederbach*, 501 Pa. 47, 59, 459 A.2d 744, 750 (1983).

■ Another limited "exception" has been carved out in bankruptcy cases. A cause of action exists, even though there is no traditional attorney-client relationship, when an attorney who has a fiduciary duty to the bankruptcy estate is charged by a creditor with causing injury by breaching that duty. *See In re Jackson*, 92 B.R. 987, 998–99 (Bankr.E.D.Pa.1988).

The complaint alleges that defendants owed a fiduciary duty to plaintiffs and that defendants breached that duty in certain ways. It cannot be concluded at this time that plaintiffs will not be able to obtain relief from defendants pursuant to Counts III and IV. Accordingly, Counts III and IV cannot be dismissed pursuant to Fed. R.Civ.P. 12(b)(6).

### G. *Counts V and VI*

■ T.A. Title asserts in Count V that the conduct of defendant law firms Lampl, Sable & Makoroff and Sable, Makoroff & Gusky was in violation of their duties as counsel to debtor "under applicable provisions of the Bankruptcy Rules and Bankruptcy Code". Count VI makes the same assertion against defendant law firm Adelman, Lavine, Krasny, Gold & Levin in performing its duties as counsel to the committee of unsecured creditors.

■ Defendants insist that Counts V and VI do not state a cognizable cause of action. Rule 11, for instance, does not create a substantive cause of action. *See In re Rolls Construction Corp.*, 108 B.R. 807, 808 (Bankr.S.D.Fla.1989) (*citing Port Drum Co. v. Umphrey*, 852 F.2d 148 (5th Cir.1988)).

T.A. Title has failed to identify any cognizable substantive cause of action arising under either the Bankruptcy Code or the Bankruptcy Rules that it has against defendants for the injuries it suffered. The court is unaware of any such cause of action. Accordingly, Counts V and VI will be dismissed pursuant to Rule 12(b)(6).

### H. *Law Firms*

■ Bankruptcy Rule 9011 provides in part as follows:

(A) **SIGNATURE.** Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state the party's address and telephone number. The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, or to cause unnecessary delay, or needless increase in the cost of litigation or administration of the case. If a document is

not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

The law firms of Lampl, Sable, & Makoroff; Sable, Makoroff & Gusky; and Adelman, Lavine, Krasny, Gold & Levin assert at Motion Nos. 92–3506M and 92–3508M that the motion at 92–3070M for sanctions against them pursuant to Rule 9011(a) must be dismissed, as a matter of law, because law firms may *not* be sanctioned under Rule 9011. Their motion to dismiss will be granted to the extent that sanctions against them are sought under Rule 9011.

The United States Supreme Court has held with regard to Fed.R.Civ.P. 11 that, while individual attorneys may be sanctioned for violating the rule, law firms may *not* be so sanctioned. *See Pavelic & LeFlore v. Marvel Entertainment Group,* 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989). The law firms argue that the rationale of *Pavelic* applies with equal force to Rule 9011(a).

T.A. Title and County argue that *Pavelic* does *not* apply to Rule 9011(a) and that law firms may be sanctioned for violating the rule.

Definitions of terms at 11 U.S.C. Section 101 apply to Rule 9011. *See* Bankruptcy Rule 9001. "Attorney" is defined in the Bankruptcy Code as meaning "attorney, professional law association, corporation, or partnership, authorized under applicable law to practice law". 11 U.S.C. Section 101(4). "Person" is defined as including "individual, partnership, and corporation, but does not include governmental unit". 11 U.S.C. Section 101(41).

T.A. Title and County point out that the Supreme Court in *Pavelic* did not have the benefit of statutory definitions of the key terms "attorney" and "person" and was forced to resort to "plain meaning" in interpreting Rule 11. They claim that no such resort is required for Rule 9011(a). These terms are defined by statute as including partnerships and professional corporations as well as individuals. Accordingly, the provision of Rule 9011(a) that an appropriate sanction shall be imposed on "the person who signed" a document in violation of the rule pertains to law firms.

At first blush this argument seems convincing. Closer examination, however, indicates that it must be rejected.

To begin with, the Third Circuit has stated that cases decided pursuant to Rule 11 apply to Rule 9011. *See In re Gioioso,* 979 F.2d 956, 960 (3d Cir.1992).

In addition, the rationale in *Pavelic* applies with equal force to Rule 9011(a) in spite of the above statutory definitions.

Rule 11 provides in relevant part as follows:

> Every pleading, motion, and other paper of a party represented by an attorney ***shall be signed by at least one attorney of record in the attorney's individual name*** ... if a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose ***upon the person who signed it*** ... an appropriate sanction ... (emphasis added).

The Supreme Court reasoned as follows in *Pavelic* in rejecting the contention that Rule 11 permitted a law firm to be sanctioned for violating the rule:

> In other contexts the phrase "the person who signed it" might bear the somewhat technical legal meaning of the natural or juridical person in whose name or on whose behalf the paper was signed; but in a paragraph beginning with a requirement of individual signature, and then proceeding to discuss the import and consequences of signature, we think references to the signer in the later portions must reasonably be thought to connote the individual signer mentioned at the outset. It is as strange to think that the

phrase "person who signed" in the last sentence refers to the partnership represented by the signing attorney, as it would be to think that the earlier phrase "the signer has read the pleading" refers to a reading not necessarily by the individual signer but by someone in the partnership; or that the earlier phrase "[i]f a pleading ... is not signed" refers not to an absence of individual signature, but to an absence of signature on behalf of the partnership. Just as the requirement of signature is imposed upon the individual, we think the recited import and consequences of signature run *as to him.* (Emphasis in original.)

*Pavelic,* 456.U.S. at 124, 110 S.Ct. at 458–59.

The reasoning in *Pavelic* may be summarized as follows. The first sentence of Rule 11 expressly required that the relevant document be signed in "the attorney's *individual* name". It would make little (or no) sense to interpret this portion of Rule 11 as allowing the required signature to be that of a law firm. The only allowable signature is that of an *individual* attorney. The portion of Rule 11 which provides for the imposing of sanctions "upon the person who signed it" in the event of a violation of the rule unmistakably refers back to the signer of the document—i.e., to the individual attorney. The Supreme Court found it "strange", given the unmistakable relationship of these two portions of Rule 11, to think that the phrase "person who signed it" could refer to a law firm of which the signer is a member.

This reasoning applies with equal force to Rule 9011(a), notwithstanding the definitions of "attorney" and "person" set forth at 11 U.S.C. sections 101(4) and (41).

Certain hierarchical principles govern the interpretation of a statute or rule. The starting point in every instance is the language of the statute or rule. Sec-

ond, where a statute or rule states what a term means, all other meanings not stated are excluded. Third, clear evidence of legislative intent prevails over all other principles of construction. Fourth, the plain meaning prevails when legislative intent is unclear. *See Johns–Manville Corp. v. U.S.,* 855 F.2d 1556, 1559 (Fed.Cir.1988), *certiorari denied,* 489 U.S. 1066, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989).

The language itself of Rule 9011(a) refutes T.A. Title's and County's position. It cannot mean what they say it does.

The first sentence of Rule 9011(a), like the first sentence of Rule 11, states that relevant documents are to be signed by at least one attorney of record "in the attorney's individual name". The fact that "attorney" is defined for purposes of Rule 9011(a) as including law firms does not change the interpretation of this first sentence. It would make little or no sense to interpret the requirement of Rule 9011(a) that relevant documents be signed in the attorney's *individual* name as allowing them to be signed in the name of the law firm.

Moreover, the structure of Rule 9011(a) is identical to that of Rule 11 in providing for sanctions, in the event of a violation of the rule, against "the person who signed" the document. As in Rule 11, this provision unquestionably refers back to the *individual* attorney who signed the document. To interpret Rule 9011(a) in the way urged by T.A. Title and County does violence to the language of the rule and to its internal structure. The fact that "attorney" and "person" are defined as including law firms does not compel the inference that law firms are covered by Rule 9011(a). Accordingly, the original motion for sanction and the amended motion for sanctions will be dismissed to the extent that sanctions against the above law firms are sought pursuant to Rule 9011(a).[1]

---

1. The motion for sanctions against the law firms will be dismissed *only* to the extent that sanctions against them are sought pursuant to Rule 9011(a). The original motion sought sanctions against the law firms only pursuant to Rule 9011. The amended motion seeks sanc-

tions against them pursuant to Rule 9011 *and* pursuant to the court's "inherent power to sanction" attorneys for making material misrepresentations to the court. *See* paragraph 46 of Amended Motion of T.A. Title For Rule 9011 Sanctions *And Other Sanctions.*

## I. *Individual Attorneys*

 Pursuant to the order of August 14, 1992, interested parties were given sixty (60) days in which to raise matters pertaining to the conduct of counsel to debtor and/or counsel to the Committee of Unsecured Creditors.

On October 13, 1992, exactly sixty days later, T.A. Title filed the original motion for Rule 9011 sanctions in which only the law firms were named as respondents. On November 25, 1992, more than one hundred (100) days after the order of August 14, 1992, T.A. Title filed an amended motion which (among other things) added individual attorneys Robert G. Sable, Mark L. Glosser, and Gary Schildhorn as respondents.

Attorneys Sable, Glosser, and Schildhorn argue that the amended motion as it pertains to them must be dismissed in its entirety because it is untimely, does not relate back to the date of the original motion, was without leave of court, and was not consented to by them.

The amended motion as it pertains to them will not be dismissed. Had T.A. Title requested leave to file the amended motion, the court would have granted the request. To penalize T.A. Title for failing to obtain leave to amend would elevate form over substance and would not serve the interests of justice.

Moreover, to the extent that Fed.R.Civ.P. 15 applies, said amendment was proper under Rule 15(a), which permits a party to amend a pleading once as a matter of course at any time before a responsive pleading is filed. No response had been filed to the original motion before it was amended.

## J. *Appropriate Sanctions*

 T.A. Title seeks in its amended motion for sanctions to recover from respondents: the amount of unpaid taxes owed to County, including interest and penalties; legal fees and expenses; costs and expenses incurred for salaries paid to its agents and employees in connection with

the unpaid tax lien; and interest. County has intervened and, among other things, asks that any recovery obtained by T.A. Title for unpaid taxes owed to County be paid over to it.

Respondents insist that the amended motion for Rule 9011 sanctions should be dismissed because the sanctions sought by T.A. Title are not appropriate under Rule 9011. In particular, they argue that recovery of the unpaid taxes owed to County is not an appropriate sanction for a violation of Rule 9011.

Respondents' argument is without merit and must be rejected.

As has been indicated, cases decided pursuant to Rule 11 apply to Rule 9011. *See In re Gioioso*, 979 F.2d at 960.

Rule 11 does not specify the kinds of sanctions which may be imposed when the rule has been violated. It only specifies that the sanction imposed shall be "appropriate". *See Lieb v. Topstone Industries*, 788 F.2d 151, 157 (3d Cir.1986).

 The trial judge has broad discretion in determining what is "appropriate", which in turn depends on surrounding circumstances. The sanction chosen should further the purposes of the rule and should be the least severe sanction that is sufficient to further such purposes. *See Langer v. Monarch Life Insurance Co.*, 966 F.2d 786, 811 (3d Cir.1992). The compensatory, punitive, and/or deterrent aspects of sanctions imposed may have varying claims to priority, depending on the nature of the case and of the violation, as well as on the standing of the parties and counsel. *See Lieb*, 788 F.2d at 158.

It cannot be concluded at this time that any or all of the relief sought by T.A. Title would be *in*appropriate if there has been a violation of Rule 9011(a). But it can be said with certitude that there is no *per se* prohibition against imposing such sanctions.

An appropriate order shall be issued.

---

The above law firms have *not* sought dismissal of the amended motion to the extent that "other sanctions" against them are sought. As a consequence, the matter was not considered and has not been decided by this court.

### ORDER OF COURT

AND NOW at Pittsburgh this 15th day of April, 1993, in accordance with the foregoing Memorandum Opinion, it hereby is **ORDERED, ADJUDGED and DECREED** that Counts V and VI of the complaint at Adversary No. 92–2524–BM are **DISMISSED.** All other relief sought by defendants Lampl, Sable & Makoroff; Sable, Makoroff & Gusky, P.C.; and Adelman, Lavine, Krasny, Gold & Levin with respect to their respective motions to dismiss said adversary action is **DENIED.**

IT IS FURTHER **ORDERED** that the Amended Motion of T.A. Title Insurance Company For Rule 9011 Sanctions And Other Sanctions, at Motion No. 92–3070M, is **DISMISSED** as to respondents Lampl, Sable & Makoroff; Sable, Makoroff & Gusky, P.C.; and Adelman, Lavine, Krasny, Gold & Levin, to the extent that T.A. Title requests that sanctions against them be imposed pursuant to Bankruptcy Rule 9011(a). Said dismissal does *not* pertain to the request that sanctions be imposed against them on other grounds. All other relief sought at Motion Nos. 92–3506M and 92–3508M is **DENIED.**

IT IS SO **ORDERED.**