DAWNWOOD PROPERTIES/78,
Plaintiff,

v.

The UNITED STATES, Defendant.

No. 95–569 C.

United States Court of Federal Claims.

Aug. 13, 2002.

Stuart D. Root, Livingston Manor, NY, for plaintiff, Dawnwood Properties/78.

Jonathan P. Sills with whom were Robert D. McCallum, Jr., Assistant Attorney General, David M. Cohen, Director, Harold D. Lester, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

HEWITT, Judge.

The court has before it Defendant's Supplemental Motion to Dismiss and/or in the Alternative for Summary Judgment (Def.'s Supp.Mot.) and Plaintiff's Supplemental Reply Brief to Defendant's Supplemental Motion to Dismiss and/or in the Alternative for Summary Judgment (Pl.'s Resp.). In an order dated May 29, 2002, the court granted defendant's request to file supplemental briefing to the original pending briefing that was filed in 1995 and 1998. This order addresses that supplemental briefing as well as the original pending motions.[1]

Defendant seeks dismissal on several grounds. Defendant argues that (1) Dawnwood lacked the legal capacity to file this lawsuit and that, therefore, the court lacks jurisdiction to hear Dawnwood's complaint; (2) Dawnwood's claims are barred pursuant to the doctrine of res judicata; and (3) the suit is time-barred. Def.'s Supp.Mot. at 1–2. For the following reasons, defendant's motion is GRANTED and Dawnwood's complaint is DISMISSED.

Because standing presents a threshold issue, see Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102–03, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), the court first examines whether Dawnwood had the legal capacity to file this lawsuit.

Defendant argues that Dawnwood lacked the legal capacity to file this lawsuit stemming from Dawnwood's having previously filed a petition for bankruptcy in the United States Bankruptcy Court for the Southern District of New York (Bankruptcy Court) on or about November 3, 1994. Def.'s Supp. Mot. at 4. On February 24, 1995, the Bankruptcy Court appointed a trustee to administer Dawnwood's estate in bankruptcy on a temporary basis. Def.'s Supp.Mot. at 2.[2] On March 16, 1995, the Bankruptcy Court entered an order making the trustee's appointment permanent. Plaintiff filed its complaint in this court on August 22, 1995.

Defendant, relying on 11 U.S.C. § 541(a), argues that "all of the assets of a debtor in bankruptcy, including legal claims, become assets of the bankruptcy estate." Def.'s Supp.Mot. at 4–5. Citing Tyler House Apartments v. United States, 38 Fed.Cl. 1, 5 (1997), defendant argues that trustees are "the only entities that [have] the right to assert a cause of action that [the] debtors may have. . . ." On August 13, 1997, nearly two years after plaintiff filed its complaint in this court, the trustee for plaintiff in the Bankruptcy Court filed a notice of its intention to abandon to Dawnwood the legal claims that are the subject of this suit. Def.'s Mot. at 3. These claims were deemed abandoned by the trustee 15 days later. Def.'s Supp.Mot. at 4. Based on this sequence of events, defendant argues that until 15 days after the trustee's abandonment notice, Dawnwood could not have had standing to maintain a cause of action. Def.'s Supp.Mot. at 8.

■ Plaintiff argues that "trustee absolutism" does not exist and that in some circumstances a court may authorize someone other than the trustee to commence litigation on behalf of the estate. Pl.'s Resp. at 5. To

---

1. The "original pending motions" include Defendant's Motion for Summary Judgment filed on December 18, 1995 and Defendant's Motion to Lift the Stay and Dismiss the Complaint filed September 29, 1998. The stay was initially ordered on March 19, 1996. The stay was lifted on May 13, 2002.

2. Plaintiff did not contest the facts cited in defendant's brief.

support this proposition, plaintiff relies on Section 1109 of the Bankruptcy Code. 11 U.S.C. § 1109. Defendant responds that Section 1109 is not applicable to this case and, even if it were applicable, the Bankruptcy Court never entered an order authorizing Dawnwood to file this lawsuit. Defendant's Reply to Plaintiff's Opposition to Defendant's Supplemental Motion to Dismiss and/or in the Alternative for Summary Judgment (Def.'s Reply) at 2. Both of defendant's arguments appear to be correct.

Section 1109 reads:

§ 1109. Right to be heard

(a) The Securities and Exchange Commission may raise and may appear and be heard on any issue in a case under this chapter, but the Securities and Exchange Commission may not appeal from any judgment, order, or decree entered in the case.

(b) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

11 U.S.C. § 1109 (1993). On its face, the text of Section 1109 merely affords debtors and other "part[ies] in interest" the right to be heard in "a case under this chapter," that is, Chapter 11 bankruptcy cases. *See Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 8–9, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000); *In the Matter of Marin Motor Oil, Inc.*, 689 F.2d 445, 449–50 (3d Cir.1982) ("The words 'this chapter' in section 1109(b) denote Chapter 11 of the Bankruptcy Code, the Chapter which deals specifically with reorganizations."); *see also In re Marcus Hook Dev. Park, Inc.*, 153 B.R. 693, 700 (Bankr.W.D.Pa.1993) ("Section 1109(b) of the Code does not appear to have any bearing on whether one qualifies as a party in interest who may bring an adversary action. The language of Section 1109(b) states that it applies to a case under title 11—i.e., to the underlying bankruptcy case."); Daniel R. Cowans, *Bankruptcy Law and Practice* § 3.18, at 310 (7th ed. 1998) ("Section 1109 rights are confined to bankruptcy cases."). Thus,

Section 1109(b) supplies no authority entitling Dawnwood to bring an action outside of Chapter 11 in this court.

Even if Section 1109 were found to apply to actions outside of Chapter 11, plaintiff's argument that the Bankruptcy Court "authorized" it to bring this action is without merit.

At oral argument, plaintiff pointed to paragraph 7 of John P. Rooney's affidavit to demonstrate that the Bankruptcy Court authorized Dawnwood to bring this action. Transcript of July 19, 2002 Oral Argument (Oral Arg.Tr.) at 5. Paragraph 7 in full text reads as follows:

On March 8, 1995 I understood from the Bankruptcy Court's decision making the Trustee's appointment permanent that I would act as a collection attorney to recover on claims owed to Dawnwood by its lender (defendant herein) and others. My understanding in this regard was based, for example, on statements made from the bench of the Bankruptcy Court in which Bankruptcy Judge Lifland stated:

a. "It has also not been held to the contrary that the Debtor in the form of Mr. Rooney is a quite competent litigator and is quite competent in both defending his interests, and apparently, Mr. Lazarus, in prosecuting his interests, because as you point out one of the main basis for rehabilitating the Debtor will be because of anticipated success in litigation, but this is a rather sad piece of real estate, in that there is some degree of public interest here."

b. "To the extent that this $716,000 or $500,000 property or maybe even $1 million property can be enhanced by Mr. Rooney's skills in litigation with respect to Debrino [the project contractor] and the *others that are set forth on the schedules*, it would be an enhancement to all of the creditors here."

c. And now that Mr. Rooney is free of the criminal activity, the defense activity, and since you have indicated, Mr. Lazarus, he has every intention of prosecuting these actions, and in his view bringing to heel the Alvero Defendant [a contractor], in his view a party to be accounting for many of

the problems here, the Debrino suit, it seems appropriate that this Court ought to lift the stay in that regard because it seems to me that's a key part of the game plan here for the rehabilitation of this Debtor.

Affidavit of John P. Rooney at 1–2 (citations omitted) (emphasis in original). The text on which plaintiff relies makes no direct mention of this court or of defendant. Moreover, as plaintiff concedes, the Bankruptcy Court never issued an order authorizing Dawnwood to pursue this litigation.[3] Oral Arg.Tr. at 11. Nor has Dawnwood cited any authority to support the position that the remarks made by the bankruptcy judge are sufficient to demonstrate court authorization. The court finds no basis for plaintiff's argument that Dawnwood was authorized by the Bankruptcy Court to pursue claims that, under 11 U.S.C. § 541(a), belonged exclusively to the trustee.

■ Because Section 1109 did not give Dawnwood the right to bring this action in place of the trustee and because the Bankruptcy Court did not otherwise authorize Dawnwood to do so, Dawnwood did not have standing to bring this action until the trustee abandoned the claim. In its briefing, defendant anticipated that plaintiff would raise an argument based on United States Court of Federal Claims Rule (RCFC) 15(c) that the trustee's 1997 abandonment could be viewed as relating back to the 1995 filing of the complaint in this action. However, plaintiff's response brief did not raise an argument under RCFC 15(c) to attempt to establish standing. At oral argument, the court asked plaintiff's counsel if plaintiff had an alternative basis to establish standing if the court determined that the trustee was the legal holder of the claims until August 1997. Oral Arg.Tr. 11–12. Plaintiff said it did not and, with specific reference to RCFC 15(c), plaintiff's counsel said that plaintiff was relying on the position that plaintiff was authorized to bring this suit under 11 U.S.C. § 1109(b). Oral Arg.Tr. at 11–12. Plaintiff never filed an amended complaint. Moreover, authority

in this area suggests that any relation back in this context would be a misuse RCFC 15(c) and 17(a) in that it would allow plaintiffs to circumvent federal bankruptcy law. *See, e.g., Tyler House Apartments Ltd. v. United States,* 38 Fed.Cl. 1, 8 (1997). Because plaintiff did not raise or rely on this argument, the court does not further address this theory.

It is not entirely clear whether standing arguments properly arise under RCFC 12(b)(1) which addresses a lack of subject matter jurisdiction or RCFC 12(b)(6) which addresses a failure to state a claim. *See Doninger Metal Products Corp. v. United States,* 50 Fed.Cl. 110, 117 n. 6 (2001); *Ashkir v. United States,* 46 Fed.Cl. 438, 439 n. 2 (2000). The lack of clarity may stem from the fact that standing issues raise both constitutional and prudential considerations. *See First Hartford Corp. Pension Plan & Trust v. U.S.,* 194 F.3d 1279, 1290 (Fed.Cir. 1999). In federal courts, when a litigant lacks standing because it has failed to demonstrate an "actual injury," the Article III jurisdictional power is implicated. *See Warth v. Seldin,* 422 U.S. 490, 498–99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). In such a case, the court does not have the power to hear the claim because the Article III case or controversy requirement is not satisfied. In this circumstance, the court would be without jurisdiction and the case would be dismissed under RCFC 12(b)(1). When, however, the standing issue that arises is whether the litigant is the proper party or whether the litigant is asserting the rights of third parties—a different question from whether a cognizable claim is being asserted—then no Article III case or controversy standing problem exists. *Id.* at 501 n. 12, 95 S.Ct. 2197. In such a case, prudential considerations rather than constitutional limitations may cause a court, as an act of judicial self-governance, to refrain from exercising jurisdiction. Had the proper party asserted the claim, the court would have the power to hear the case, but the court refuses to hear

---

**3.** Defendant did direct the court's attention to a March 16, 1995 order of the Bankruptcy Court in which it ordered the adjournment of a separate case that Dawnwood had previously initiated in order to allow the trustee to represent the estate in the litigation. *See* Def.'s Reply at 13. That order has no bearing on this litigation.

the claim because the person most directly affected with a personal stake in the outcome is not bringing the claim. Here, the decision that Dawnwood does not have standing rests on the fact that the legal capacity to sue belonged to the trustee in bankruptcy at the time the suit was filed. The court refrains from deciding the case because of prudential—not constitutional—restrictions on its power to hear the claim. In this circumstance, a court might find that plaintiff has failed to state a claim under 12(b)(6).

However, the unique interaction of jurisdiction and sovereign immunity specific to this court can be marshaled to support another result. As indicated in Wright and Miller, "In an action against the United States, plaintiff must plead facts showing his right to sue the sovereign, because a federal court has jurisdiction over cases of this type *only when* plaintiff has been accorded the privilege of suing the federal government." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1293, at 567 (2d ed.1990) (emphasis added). Because of the limitation on this court's jurisdiction to cases where the sovereign has clearly waived immunity "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States," the court does not reach the merits of the claim. 28 U.S.C. § 1491(a)(1) (2002).

Accordingly, the suit shall be DISMISSED under 12(b)(1) without prejudice.[4]

The Clerk of the Court is directed to enter judgment for defendant. No costs.

IT IS SO ORDERED.

---

4. Dismissals under RCFC 12(b)(1) are never on the merits of the claim and are always without prejudice. *See Wheeler v. United States,* 11 F.3d 156, 160 (Fed.Cir.1993).